John A. Fatica, for respondent.

OFFICE OF DISCIPLINARY COUNSEL *v.* HEFFTER.

[Cite as *Disciplinary Counsel v. Heffter,*
98 Ohio St.3d 320, 2003-Ohio-775.]

(No. 2002–1778—Submitted January 8, 2003—Decided March 5, 2003.)

**Per Curiam.**

{¶ 1} On April 8, 2002, relator, Disciplinary Counsel, filed a complaint charging respondent, Sarah L. Heffter of Chardon, Ohio, Attorney Registration No. 0064791, with one count of misconduct in violation of the Code of Professional Responsibility. Respondent answered, admitting to the allegations raised in the complaint, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").[1] The panel adopted as its findings of fact and conclusions of law the following stipulations of the parties.

{¶ 2} Respondent was retained by a client to probate an estate involving the distribution of real estate. The interest in the property was divided among six heirs and transferred on December 10, 1997. At the time of the transfer, two of the heirs were minors.

{¶ 3} In August 1999, limited powers of attorney were drafted for the minor heirs that granted their mother, respondent's client, a power to sign their names

---

1. Subsequent to the appointment of the panel, it was discovered that one of the panel members resided in the same appellate district from which the complaint originated. See Gov.Bar R. V(6)(D)(3). At the suggestion of the Chair, counsel for the parties and the respondent agreed to submit the matter to the other two panel members for their recommendation to the board.

on a warranty deed and any other documents pertaining to the sale of the real estate. Respondent did not draft the limited powers of attorney. However, in an effort to speed up the sale of the property, and as a convenience to her client, on August 30, 1999, respondent notarized the limited powers of attorney of the minors without witnessing their signatures. Respondent did not realize at that time that the principals involved were minor children, but she could have determined that they were under the age of majority had she reviewed her file of the probated estate. The panel agreed with the parties' stipulation that respondent's conduct of notarizing the signatures of minors outside their presence constituted a violation of DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 4} In accepting the parties' stipulated sanction, the panel considered several mitigating factors, including the lack of a prior disciplinary record, respondent's admission of the misconduct after receiving relator's letter of inquiry, and her full cooperation in the disciplinary process. In addition, the panel accepted the parties' stipulation that alcohol or drugs were not involved. Further, the panel agreed that respondent was not motivated by dishonesty or greed and noted that no person, including the two minor children, suffered any loss as a result of respondent's misconduct. Finally, letters were submitted testifying to respondent's character and reputation.

{¶ 5} Based on the stipulations and evidence, the panel accepted the parties' stipulated sanction and recommended to the board that respondent be suspended from the practice of law for six months, with all six months stayed. The board agreed and adopted the panel's findings of fact, conclusions of law, and recommended sanction.

{¶ 6} On review, we agree with the findings and conclusions of the board. We have held in the past that an attorney who violates DR 1–102(A)(4) will be actually suspended from the practice of law for an appropriate period of time. *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237. However, mitigating factors may warrant a lesser sanction in appropriate cases. *Dayton Bar Assn. v. Kinney* (2000), 89 Ohio St.3d 77, 78, 728 N.E.2d 1052. In view of the mitigating evidence submitted on behalf of respondent, we adopt the recommendation of the board.

{¶ 7} Accordingly, respondent is hereby suspended from the practice of law for six months, with the entire suspension stayed on the condition that respondent commit no further misconduct. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

Jonathan E. Coughlan, Disciplinary Counsel, and Claudia S. Herrington, Assistant Disciplinary Counsel, for relator.

Arter & Hadden, L.L.P., and Harry D. Cornett Jr., for respondent.