BUTLER COUNTY BAR ASSOCIATION v. MATEJKOVIC.

[Cite as *Butler Cty. Bar Assn. v. Matejkovic,*
121 Ohio St.3d 266, 2009-Ohio-776.]

(No. 2008–2069—Submitted December 17, 2008—Decided March 3, 2009.)

———————

**Per Curiam.**

{¶ 1} Respondent, Joseph R. Matejkovic of West Chester, Ohio, Attorney Registration No. 0056097, was admitted to the practice of law in Ohio in 1991.

The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent based on findings that he failed to comply with ethical standards requiring lawyers to maintain unearned fees in a client trust account and to disclose their lack of professional-liability insurance. We accept the board's findings that respondent committed this professional misconduct and the recommendation for a public reprimand.

{¶ 2} Relator, Butler County Bar Association, charged respondent in a two-count complaint with various violations of the former Disciplinary Rules of the Code of Professional Responsibility and the current Rules of Professional Conduct. A panel of the board heard the case, recommended the dismissal of all but four allegations of misconduct, and recommended a public reprimand. The panel found that respondent had failed (1) to maintain unearned fees paid by two separate clients in a client trust account, which prior to February 1, 2007, constituted a violation of DR 9–102, the predecessor of Prof.Cond. R. 1.15; and (2) to disclose to the clients his lack of malpractice insurance, which prior to February 1, 2007, constituted a violation of DR 1–104, the predecessor of Prof.Cond. R. 1.4(c).[1]

{¶ 3} The board accepted the panel's findings of misconduct, dismissal of unfounded charges, and recommended sanction. The parties have not filed objections to the board's report.

## Misconduct

{¶ 4} As to Count I, evidence established that Jeremy Ritter paid respondent $1,500 to represent him in claims arising out of a failed investment venture. Respondent represented Ritter from December 2004 until January 2007 and conceded that he did not deposit unearned fees paid by Ritter into a client trust account or advise Ritter that he did not carry malpractice insurance. He thereby violated DR 9–102 and 1–104.

{¶ 5} As to Count II, evidence established that Rebecca Burkhart consulted respondent in April 2005 about how to obtain title from a used-car dealer for a car that she had purchased. Burkhart paid respondent's $1,500 fee in June 2005, and he continued to represent her until December 2005, when she sought assistance from relator's fee-arbitration committee. Respondent conceded that he had not deposited the unearned funds that Burkhart paid him into a client trust account or advise Burkhart that he did not carry malpractice insurance. He thereby violated DR 9–102 and 1–104.

---

1. The Rules of Professional Conduct, which supersede the Code of Professional Responsibility, took effect on February 1, 2007. Though the panel found misconduct only as to acts that respondent committed before that date, it cited both versions' relevant ethical standards.

## Sanction

{¶ 6} In recommending that respondent be publicly reprimanded for his misconduct, the panel and board weighed relevant aggravating and mitigating factors. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The single aggravating factor is that respondent committed more than one offense. See BCGD Proc.Reg. 10(B)(1)(d). Weighing against this factor are multiple mitigating factors, including that respondent has been in practice for 17 years without any prior disciplinary sanction, that he did not act dishonestly or out of self-interest, and that he cooperated in the disciplinary process. See BCGD Proc.Reg. 10(B)(2)(a), (b), and (d). Respondent has also refunded $1,250 to Ritter and $1,500 to Burkhart and set up a client trust account.

{¶ 7} We accept the board's recommendation. Respondent is therefore publicly reprimanded for his violations of DR 9–102 and 1–104. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Holcomb, Hyde & Gmoser, L.L.P., and Richard A. Hyde, for relator.

Joseph R. Matejkovic, pro se.