OHIO STATE BAR ASSOCIATION *v*. TRIVERS.

[Cite as *Ohio State Bar Assn. v. Trivers*, 123 Ohio St.3d 436, 2009-Ohio-5285.]

*Attorneys — Misconduct — Engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation — Conduct adversely reflecting on fitness to practice law — One-year suspension, six months stayed on condition of no further misconduct.*

(No. 2009-1142 — Submitted August 11, 2009 — Decided October 13, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-071.

_____

**Per Curiam**.

{¶ 1} Respondent, Oscar Trivers of Cleveland, Ohio, Attorney Registration No. 0019588, was admitted to the practice of law in Ohio in 1960. The Board of Commissioners on Grievances and Discipline has recommended that we suspend respondent from the practice of law in Ohio for one year, with six months of that suspension stayed on the condition that respondent commit no further misconduct. The board's recommendation is based on findings that respondent notarized nine documents without personally witnessing the signatures. We accept the board's findings that respondent committed this professional misconduct as well as the recommendation for a one-year suspension, with six months stayed on the condition that no further incidents of misconduct occur.

{¶ 2} Relator, Ohio State Bar Association, filed a single-count complaint that alleged violations of three Disciplinary Rules of the former Code of Professional Responsibility. A panel of the board found that relator failed to prove by clear and convincing evidence that respondent violated DR 1-102(A)(5)

(conduct prejudicial to the administration of justice) and recommended that the charge be dismissed. The panel did find violations of DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (conduct that adversely reflects on a lawyer's fitness to practice law). The panel recommended a one-year suspension from the practice of law, with all stayed on the condition that respondent commit no further violations. The board adopted the panel's findings of fact and conclusions of law. It did not, however, adopt the proposed sanction, recommending instead that respondent be suspended for one year, with only six months stayed.

{¶ 3} Respondent was contacted by a former employee, Ivory E. Welch Jr., who indicated that an acquaintance, Tracie Lee Harper, wanted deeds prepared that would transfer ownership of several properties to Welch. On January 26, 2007, respondent met with both Harper and Welch in respondent's office and was given seven quitclaim deeds that were partially completed. Harper signed the deeds in respondent's presence and gave them to respondent for completion. Respondent gave the deeds to his secretary and then left the room to attend to other matters. When he returned a short time later, the deeds were completed. Respondent assumed the deeds were the same deeds that he had watched Harper sign shortly before, and he notarized them.

{¶ 4} That assumption proved incorrect. Apparently, respondent's secretary, rather than simply typing in the missing information, prepared seven new deeds, but Harper left without signing them. As a result, Welch, believing that time was of the essence and that he had Harper's authorization to do so, signed Harper's name to the deeds. These deeds were then presented to respondent, who notarized them.

{¶ 5} Respondent was not present when Welch signed Harper's name and Welch did not tell respondent that he had done so. Welch then took the deeds to be filed. Hoping to exempt the transfers from conveyance fees, Welch had also

prepared two affidavits and signed Harper's name to them. The affidavits, which were allegedly also notarized by the respondent, claimed that the properties were being conveyed to Welch for the purpose of quick resale. Respondent denied signing either document. Welch testified that he was certain that respondent had notarized one of the documents, and a handwriting expert testified that the signatures on both affidavits were respondent's.

{¶ 6} On February 6, 2007, respondent was confronted by two men who were involved in a property dispute with Harper. The men claimed that the deeds were forged and informed respondent that they had initiated a lawsuit against him. Respondent immediately contacted Harper, and he, Welch, and another individual, Ben Lanier, went to Harper's suburban home. According to both respondent and Welch, Harper took control of that meeting and prepared a power of attorney that, among other things, gave Welch the authority to sign Harper's name to any documents necessary to effectuate the real estate transfer. That document was backdated to January 26 and was notarized by Lanier. Respondent was "not certain that [he] paid the date [on the power of attorney] any attention" when he saw the document.

{¶ 7} The panel heard this matter on March 6, 2009. After the submission of posthearing briefs, it issued its report. It found that respondent's notarization of the deeds and affidavits without personally witnessing Harper's signature violated DR 1-102(A)(4) and (6). It did not find sufficient evidence of a violation of DR 1-102(A)(5) and recommended that the charge be dismissed.

{¶ 8} The panel then considered the aggravating and mitigating factors contained in BCGD Proc.Reg. (10)(B)(1). It found three aggravating factors: (1) multiple violations, (2) respondent's participation in a meeting where a power of attorney was backdated in order to cover up earlier misconduct, and (3) respondent's failure to acknowledge the wrongfulness of his conduct. In mitigation, the panel found (1) no prior disciplinary record, (2) respondent's

cooperation at hearing, and (3) respondent's history of community service. The panel ultimately recommended a one-year suspension, fully stayed, on the condition that respondent commit no further violations. The board adopted the panel's findings of fact and conclusions of law, but not its recommended sanction. Citing respondent's "repeated acts of fraud and failure to acknowledge his wrongdoing," the board recommended a suspension from the practice of law for one year, with six months stayed on the condition that no further misconduct occur.

{¶ 9} We agree with the board, and upon our review of the evidence, we adopt the board's findings of fact, conclusions of law, and recommended sanction. Respondent abused his notary power on nine documents and was present when yet another fraudulent document was created to cover up the earlier misconduct. This conduct constitutes multiple acts of fraud that distinguish this case from those in which a public reprimand or fully stayed suspension was imposed for an isolated instance of notary abuse. See, e.g., *Cincinnati Bar Assn. v. Thomas* (2001), 93 Ohio St.3d 402, 754 N.E.2d 1263; *Disciplinary Counsel v. Heffter*, 98 Ohio St.3d 320, 2003-Ohio-775, 784 N.E.2d 693; *Columbus Bar Assn. v. Dougherty*, 105 Ohio St.3d 307, 2005-Ohio-1825, 825 N.E.2d 1094; *Disciplinary Counsel v. Freedman*, 110 Ohio St.3d 284, 2006-Ohio-4480, 853 N.E.2d 291.

{¶ 10} Accordingly, respondent is suspended from the practice of law in Ohio for one year, with six months stayed on the condition that respondent commit no further misconduct. Costs taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

4

**{¶ 11}** I respectfully dissent. After practicing law for 49 years without a blemish, respondent, believing he was helping, made mistakes by notarizing documents that he had not seen the affiant sign.

**{¶ 12}** Given that this record does not demonstrate any financial loss to the parties involved, I agree with the panel that a sanction of a stayed suspension is appropriate. I would suspend respondent for a period of six months but stay that term on the condition of no further violations.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

Taft, Stettinius & Hollister, L.L.P., and Hugh E. Wall III; Brian D. Weaver; and Eugene P. Whetzel, Bar Counsel, for relator.

Marcus L. Poole and Reginald Maxton, for respondent.

_____