DISCIPLINARY COUNSEL *v.* TRAINOR.

[Cite as *Disciplinary Counsel v. Trainor,*

**126 Ohio St.3d 1249, 2010-Ohio-5102.**]

*Attorneys at law — Reciprocal discipline from the Supreme Court of Kentucky —*
*30-day stayed suspension — Gov.Bar R. V(11)(F)(4).*

(No. 2010-1441 — Submitted September 24, 2010 — Decided October 1, 2010.)

ON CERTIFIED ORDER of the Supreme Court of Kentucky, No.
2010-SC-000201-KB.

_____

{¶ 1}   This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶ 2}   On August 12, 2010, relator, Disciplinary Counsel, filed with this court a certified copy of an order of the Supreme Court of Kentucky entered May 20, 2010, in *Trainor v. Kentucky Bar Assn.*, in case No. 2010-SC-000201-KB, 311 S.W.3d 719, suspending respondent for a period of 30 days, stayed provided that he incur no other disciplinary charges during a one-year period and that he attend the entire Kentucky Bar Association Ethics and Professionalism Enhancement Program.  On August 26, 2010, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state.  Respondent failed to notify this court of the disciplinary sanction imposed upon him by the Supreme Court of Kentucky.  This cause was considered by the court and on consideration thereof,

{¶ 3}   It is ordered and adjudged by this court that pursuant to Gov.Bar R. V(11)(F)(4), respondent, Robert N. Trainor, Attorney Registration No. 0012089, last known business address in Covington, Kentucky, is suspended for a period of 30 days, stayed on the conditions that respondent comply with the requirements

set forth in the May 20, 2010 opinion and order of the Supreme Court of Kentucky to commit no further misconduct and attend the entire Kentucky Bar Association Ethics and Professionalism Enhancement Program.

{¶ 4}   It is further ordered, sua sponte, by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F).  It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

{¶ 5}   It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶ 6}   It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order and all other orders in this case by certified mail to the most recent address respondent has given to the Office of Attorney Services.

{¶ 7}   It is further ordered that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____