CINCINNATI BAR ASSN. *v.* TRAINOR.

[Cite as *Cincinnati Bar Assn. v. Trainor,*

**129 Ohio St.3d 100, 2011-Ohio-2645.**]

*Attorneys at law — Repeated misconduct — Partially stayed license suspension.*

(No. 2010-1894 — Submitted February 15, 2011 — Decided June 7, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 10-023.

_____

**Per Curiam**.

{¶ 1} Respondent, Robert N. Trainor of Covington, Kentucky, Attorney Registration No. 0012089, was admitted to the practice of law in Ohio in 1978. He is also admitted to the practice of law in Kentucky. On February 8, 2010, relator, Cincinnati Bar Association, filed a complaint charging respondent with professional misconduct for failing to notify a client at the time of the client's engagement that he did not carry malpractice insurance and for failing to promptly return funds that the client was entitled to receive.

{¶ 2} Respondent has been sanctioned twice by this court for violations of the Code of Professional Conduct. In July 2003, we imposed a conditionally stayed six-month suspension for failing to properly account for and preserve the identity of his client's funds in violation of DR 9-102(A) (requiring a lawyer to preserve the identity of client funds) and (B) (requiring a lawyer to maintain complete records of and appropriately account for client funds). *Cincinnati Bar Assn. v. Trainor*, 99 Ohio St.3d 318, 2003-Ohio-3634, 791 N.E.2d 972, ¶ 6. And in August 2006, we publicly reprimanded respondent for failing to properly notify his clients that he did not carry malpractice insurance. *Cincinnati Bar Assn. v. Trainor*, 110 Ohio St.3d 141, 2006-Ohio-3825, 851 N.E.2d 505, ¶ 9. During the

pendency of the current proceeding, we also imposed a 30-day reciprocal stayed suspension after respondent was sanctioned by the Supreme Court of Kentucky for missing a statute-of-limitations deadline and failing to maintain adequate professional-liability insurance. *Disciplinary Counsel v. Trainor*, 126 Ohio St.3d 1249, 2010-Ohio-5102, 935 N.E.2d 422; *Trainor v. Kentucky Bar Assn.* (Ky.2010), 311 S.W.3d 719, 722.

{¶ 3} The parties submitted stipulations of fact and misconduct, and respondent testified at the disciplinary hearing. In light of respondent's prior disciplinary violations, two of which involve respondent's failure to maintain professional-liability insurance or his failure to inform his client's of his uninsured status, the board recommends that we suspend respondent for 24 months, with 18 months stayed on conditions. We adopt the board's findings of fact, conclusions of law, and recommended sanction.

## Misconduct

{¶ 4} The stipulated facts and testimony demonstrate that in October 2005, a woman retained respondent to represent her in a civil action against her homeowner's insurer. Respondent did not carry professional-liability insurance then and failed to advise the client of that fact. The following month, he sent the client a letter disclosing that he did not carry professional-liability insurance and requesting that she sign an acknowledgement, but she never did.

{¶ 5} Respondent tried the client's case and obtained a favorable result. In April 2009, the month after respondent had distributed the proceeds of the action less his attorney fees, the client discovered that the clerk of courts had issued a check to respondent refunding her $225 filing fee. Respondent did not respond to the client's calls requesting the return of those funds. She testified, however, that she eventually spoke with respondent, who advised her that he would check into the matter. And when the client called again, respondent advised her that the funds were due to him for additional work he had performed

in the case. In July, after the client filed a grievance with relator, respondent returned the $225 to her.

{¶ 6} The parties stipulated that respondent's conduct violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client, in a writing signed by the client, if the lawyer does not maintain professional-liability insurance), and 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive). The board, however, observed that respondent's conduct relating to his lack of malpractice insurance preceded the February 1, 2007 effective date of the Ohio Rules of Professional Conduct. Therefore, the board found that respondent's conduct in that regard violated DR 1-104(A) of the Code of Professional Responsibility, which likewise required a lawyer to disclose to the client, in a writing signed by the client, that the lawyer lacked professional-liability insurance. We adopt these findings of fact and misconduct.

## Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 8} As aggravating factors, the board found that this is the third time in seven years that respondent has faced disciplinary action, that he had a selfish and dishonest motive, and that he has engaged in a pattern of misconduct involving multiple offenses for failing to maintain professional-liability insurance or to inform his clients of his uninsured status and for his handling of client funds. See

BCGD Proc.Reg. 10(B)(1)(a), (b), (c), and (d). The board also found that respondent's current method of informing clients of his insurance status — telling them verbally at the initial interview, later sending written waivers for his clients to sign, and continuing to represent the clients even if they do not sign and return the waiver — does not comply with Prof.Cond.R. 1.4(c). The board found that his conduct was an aggravating factor. See BCGD Proc.Reg. 10(B).

{¶ 9} As mitigating factors, the board found that respondent has made restitution, albeit untimely, has been cooperative through these disciplinary proceedings, has acknowledged the wrongful nature of his conduct, and has otherwise made full disclosure to relator and the board. See BCGD Proc.Reg. 10(B)(2)(c) and (d).

{¶ 10} We have imposed public reprimands for similar misconduct. See, e.g., *Butler Cty. Bar Assn. v. Matejkovic*, 121 Ohio St.3d 266, 2009-Ohio-776, 903 N.E.2d 633 (imposing a public reprimand for an attorney's failure to deposit unearned funds into a client trust account and failure to advise clients that he did not carry malpractice insurance); *Cuyahoga Cty. Bar Assn. v. Jackson*, 120 Ohio St.3d 173, 2008-Ohio-5378, 897 N.E.2d 151 (imposing a public reprimand for an attorney's failure to account to a client for his time, fees, and expenses and failure to apprise that client that he did not maintain malpractice insurance). Based upon respondent's history of similar disciplinary violations, however, the board recommends that we suspend respondent from the practice of law in Ohio for 24 months, with 18 months stayed on the condition that he complete 18 months of probation and be monitored by an attorney appointed by relator in accordance with Gov.Bar R. V(9)(B). We adopt the board's recommended sanction.

{¶ 11} Accordingly, Robert N. Trainor is suspended from the practice of law in Ohio for 24 months, with the last 18 months stayed on the conditions that he complete 18 months of probation and be monitored by an attorney appointed by relator in accordance with Gov.Bar R. V(9)(B), and that he commit no further

misconduct. The appointed monitor shall ensure that respondent either maintains professional-liability insurance in an amount that conforms with the Ohio Rules of Professional Conduct or informs his clients, in a writing signed by the client, that he does not maintain such insurance, and that he complies with the requirements of Prof.Cond.R. 1.15 regarding the safekeeping of funds and property. If respondent fails to comply with these conditions, the stay will be lifted, and he will serve the full 24-month suspension. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Paul M. Laufman, for relator.

Robert N. Trainor, pro se.

_____