**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Robert TRAINOR, Respondent.**

**No. 2012–SC–000010–KB.**

Supreme Court of Kentucky.

April 26, 2012.

### OPINION AND ORDER

On June 7, 2011, the Supreme Court of Ohio suspended Robert N. Trainor, KBA Member No. 71335, for twenty-four months, with the last eighteen months to be probated subject to certain conditions. Thereafter, the Kentucky Bar Association (KBA) recommended that this Court impose the same punishment, and on February 23, 2012, we ordered Respondent to show cause why he should not receive reciprocal discipline pursuant to SCR 3.435(4). Because Trainor has failed to show sufficient cause, we impose reciprocal

discipline to be effective retroactively to June 7, 2011 and to run concurrently with his Ohio suspension.

## I. BACKGROUND

In *Cincinnati Bar Association v. Trainor*, 129 Ohio St.3d 100, 950 N.E.2d 524, 526 (2011), the Supreme Court of Ohio found that Trainor: (1) was retained by a client in October 2005 but failed to notify her that he did not carry professional-liability insurance;[1] and (2) after obtaining a favorable result in the client's case, neither returned the client's $225 filing fee that the clerk of courts had refunded her, nor responded to her calls requesting the return of those funds.[2] Consequently, the court found that he violated DR 1–104(A) of Ohio's Code of Professional Responsibility, which requires a lawyer to disclose to a client, in a writing signed by the client, that the lawyer lacked professional-liability insurance.[3] *Id.* The court also found that he violated Ohio Rule of Professional Conduct 1.15(d), which requires a lawyer to promptly deliver funds or other property that the client is entitled to receive.[4],[5] *Id.*

These violations were aggravated by the fact that this was the third time in seven years that Trainor had faced disciplinary action in Ohio, "that he had a selfish and dishonest motive, and that he ha[d] engaged in a pattern of misconduct involving multiple offenses for failing to maintain professional-liability insurance or to inform his clients of his uninsured status and for his handling of client funds." *Id.* at 527. His violations were further aggravated by the fact that his method for informing clients of his insurance status did not comply with Ohio's Rules of Professional Conduct.[6] *Id.*

Mitigating factors included that he (1) made restitution (albeit untimely), (2) was cooperative throughout the disciplinary proceedings, (3) acknowledged the wrongful nature of his conduct, and (4) had otherwise made full disclosures to the investigating bodies. *Id.*

In light of his violations, aggravating circumstances, and mitigating factors, the Ohio Supreme Court suspended Trainor "from the practice of law in Ohio for 24

1. The following month, Trainor sent the client a letter disclosing that he did not carry professional-liability insurance. He requested that she sign an acknowledgement, but she never did.

2. The client testified that Trainor eventually called her back and told her that the funds were due to him for additional work he performed in the case. Trainor ultimately returned the $225 to the client after she filed a grievance against him.

3. Although our rules do not provide for an equivalent requirement, we recently issued reciprocal discipline for a violation of DR 1–104 based upon SCR 3.130–3.4(c), which states that it is professional misconduct for a lawyer to "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." In fact, the attorney upon whom we imposed reciprocal discipline in

that recent case was Respondent, Robert N. Trainor. *See Kentucky Bar Ass'n v. Trainor*, 277 S.W.3d 604, 605 (Ky.2009).

4. At the time of this violation, Kentucky Supreme Court Rule 3.130–1.15(b) stated: "[A] lawyer shall promptly deliver to the client ... any funds or other property that the client ... is entitled to receive...." This section was amended July 15, 2009, but has an identical requirement.

5. Trainor's failure to disclose his lack of professional-liability insurance occurred *before* Ohio replaced its Code of Professional Responsibility with the Rules of Professional Conduct on February 1, 2007. His failure to deliver funds occurred *after* this date. Thus, his separate violations occurred under separate codes of ethics.

6. *See* Prof.Cond.R. 1.4(c). Trainor was not charged with violating this provision.

months, with the last 18 months stayed on the conditions that he complete 18 months of probation and be monitored by an attorney appointed by relator ... and that he commit no further misconduct." *Id.* Trainor thereafter reported the discipline to the KBA. *See* SCR 3.435(1) (stating that "[a]ny attorney subject to the provisions of this Rule shall, upon being subjected to professional disciplinary action in another jurisdiction, promptly inform the Bar Counsel of such action").

## II. ANALYSIS

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) generally requires this Court to impose identical discipline. Furthermore, SCR 3.435(4)(c) requires this Court to recognize that "[i]n all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. Pursuant to SCR 3.435(4), we impose reciprocal discipline unless Trainor proves "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Ohio] disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State." SCR 3.435(4).

Having failed to show sufficient cause, it is hereby ORDERED as follows: Robert N. Trainor, KBA Member No. 71335, is hereby retroactively suspended from the practice of law in Kentucky for a period of twenty-four months, effective June 7, 2011,

with the last eighteen months stayed on the conditions that he complete eighteen months of probation and commit no further misconduct.[7] His suspension is to run concurrently with the sentence entered by the Supreme Court of Ohio.[8]

All sitting. All concur.

ENTERED: April 26, 2012.

/s/ John D. Minton
 Chief Justice

---

7. However, we do not impose an identical requirement that Trainor be monitored by an attorney for his practice in Kentucky. We believe that Ohio's monitor will adequately supervise Trainor's practice. Moreover, Kentucky does not require its attorneys to carry professional-liability insurance, or inform clients of their insurance status. Thus, appointing a monitor would not only be duplicative, but unnecessary.

8. *See Kentucky Bar Ass'n v. Harwood,* 341 S.W.3d 85, 88 (Ky.2011) (retroactively suspending attorney "for a period of one-hundred eighty (180) days, probated for one year ... to run concurrently with the six (6) month probated sentence entered by the Ohio Supreme Court").