OHIO STATE BAR ASSOCIATION *v.* TRIVERS.

[Cite as *Ohio State Bar Assn. v. Trivers,* 134 Ohio St.3d 139, 2012-Ohio-5389.]

*Attorneys—Misconduct—Multiple violations of the Rules of Professional Conduct and Disciplinary Rules, including disregarding a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding and failing to act with reasonable diligence in representing a client—Two-year suspension, one year stayed on conditions.*

(No. 2012-0655—Submitted May 23, 2012—Decided November 27, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-008.

_____

**Per Curiam.**

{¶ 1} Respondent, Oscar Trivers of Cleveland, Ohio, Attorney Registration No. 0019588, was admitted to the practice of law in Ohio in 1960. On October 13, 2009, we suspended him from the practice of law for one year, with six months stayed, for abusing his notary power and being present when another party created a fraudulent document. *Ohio State Bar Assn. v. Trivers*, 123 Ohio St.3d 436, 2009-Ohio-5285, 917 N.E.2d 261.

{¶ 2} In March 2010, relator, Ohio State Bar Association, filed an amended complaint charging Trivers with four counts of misconduct and violations of the Ohio Code of Professional Responsibility and the Rules of Professional Conduct.[1] A panel of the Board of Commissioners on Grievances

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Disciplinary Rules of the Code of Professional Responsibility. Although both the former and current rules are cited for the same acts, the allegations comprise a single continuing ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

and Discipline heard the cause on September 12, 2011, and recommended that the board adopt the facts and violations of misconduct as stipulated, as well as the parties' proposed sanction suspending Trivers from the practice of law for two years, staying 18 months of the suspension, and imposing a period of monitored probation during the stayed portion.

{¶ 3} The board adopted the panel's findings of fact and conclusions of law but amended the panel's recommended sanction. The board recommended that Trivers be suspended from the practice of law for two years, with one year stayed, and that he serve one year of monitored probation.

{¶ 4} The parties have not objected to the board's report.

**Stipulated Facts and Rule Violations**

Count I—Hoyle Matter

{¶ 5} On November 13, 2006, Trivers electronically filed a Chapter 13 bankruptcy petition on behalf of James M. Hoyle. At the time of filing, Hoyle had been deceased for almost three years. Trivers learned that Hoyle was deceased shortly after he filed the petition but incorrectly believed that the petition could be pursued on behalf of Hoyle's estate.

{¶ 6} The Hoyle bankruptcy petition was dismissed, because Hoyle was ineligible to be a debtor under Chapter 13 of the Bankruptcy Code. The bankruptcy court ordered Trivers to disgorge the sum of $400 in attorney fees that he had received for legal services in connection with the filing. Trivers complied with the disgorgement order.

Count II—Santos Matter

{¶ 7} On October 27, 2006, Trivers filed a Chapter 13 bankruptcy petition on behalf of Barbara Santos, but he neglected to timely file the required debtor's certificate and a Chapter 13 plan. The bankruptcy court dismissed the Santos petition, but it retained jurisdiction to consider imposing sanctions on Trivers.

2

**{¶ 8}** On March 16, 2007, the bankruptcy court ordered Trivers to disgorge the sum of $500 in attorney fees that he had received for legal services in connection with the Santos filing. When Trivers failed to comply, the court ordered an additional fine of $15 per day for each day after July 20, 2007, that Trivers did not comply with the disgorgement order.

**{¶ 9}** On August 29, 2007, the bankruptcy court entered an order imposing additional sanctions on Trivers in the Santos matter. That court ordered Trivers to comply with orders to disgorge fees in several other cases, to undergo a mental-health examination and other obligations under his contract with the Ohio Lawyers Assistance Program, and to obtain a determination that he was fit to practice law. Trivers was prohibited from filing bankruptcy cases until he had complied with the order.

**{¶ 10}** On July 23, 2008, the bankruptcy court reinstated Trivers's filing privileges but required him to obtain co-counsel for every new petition filed. The following year, the court restricted Trivers to filing Chapter 7 cases and continued the requirement that he obtain co-counsel for each new filing.

Count III—Miscellaneous Matters

**{¶ 11}** Trivers failed to file required documents in numerous other Chapter 13 bankruptcy cases, resulting in the dismissal of several cases. The court issued disgorgement orders in at least seven of those cases. In some of the cases, Trivers failed to appear for bankruptcy hearings due, in part, to his failure to check his own e-mail for court notices.

Count IV

**{¶ 12}** The panel recognized that the bar association presented no evidence in support of Count IV of the amended complaint and therefore dismissed the count.[2] *See* Gov.Bar R. V(6)(H).

## Conclusions of Law

**{¶ 13}** The parties stipulated that Trivers violated the following rules of ethical conduct: DR 1-102(A)(5) and Prof.Cond.R 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), DR 1-102(A)(6) and Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), DR 6-101(A)(3) (prohibiting neglect of an entrusted legal matter), 7-101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of employment for legal services), and 7-106(A) (prohibiting a lawyer from disregarding a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding) and Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 3.1 (prohibiting a lawyer from bringing or defending a proceeding that is unsupported by law or lacks a good-faith argument for an extension, modification, or reversal of existing law), and 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Ohio Rules of Professional Conduct).

**{¶ 14}** The panel concluded that the stipulated violations were supported by clear and convincing evidence offered in support of Counts I, II, and III of the amended complaint. The board adopted the panel's findings of fact and conclusions of law.

---

2. Although the panel did not provide written notice of an intent to dismiss Count IV, as required in Gov.Bar R. V(6)(H), we will treat the failure to present evidence as to that count as a recommendation to dismiss.

**Sanction**

{¶ 15} The panel agreed with the parties' proposed sanction to suspend Trivers from the practice of law for two years, with 18 months stayed on the condition that Trivers work with a monitor.

{¶ 16} The panel also weighed the existence of aggravating and mitigating factors. The parties stipulated that mitigating factors included that Trivers had cooperated in the proceedings, had demonstrated no selfish motive, and had received additional sanctions from the bankruptcy court. *See* BCGD Proc.Reg. 10(B)(2)(b), (d), and (f). The panel also took into account four character letters that described Trivers as an individual of good character and an active member of his community and church. *See* BCGD Proc.Reg. 10(B)(2)(e). In addition, the panel acknowledged a psychiatric evaluation performed in 2008 that indicated that Trivers was fit and competent to practice law and Trivers's own testimony that he would work with a monitor, use co-counsel when necessary, and discontinue handling bankruptcy matters.

{¶ 17} The panel also found that certain aggravating factors existed, including Trivers's prior disciplinary action, a pattern of misconduct based on his repeated failure to comply with the bankruptcy court's orders, and the existence of multiple offenses. *See* BCGD Proc.Reg. 10(B)(1)(a), (c), and (d).

{¶ 18} The panel also considered the sanctions imposed in a similar case that involved ethical violations resulting from repeated failures to comply with filing requirements in bankruptcy court, to appear as ordered, and to comply with orders to disgorge fees and pay assessed fines. *Cleveland Metro. Bar Assn. v. Nance*, 124 Ohio St.3d 57, 2009-Ohio-5957, 918 N.E.2d 1000. In that case, the respondent likewise had committed multiple offenses and had been sanctioned in a prior disciplinary matter. *Id*. at ¶ 12. We suspended the respondent from the practice of law for one year, with the last six months stayed on conditions.

{¶ 19} But the panel concluded that Trivers warranted the sanction stipulated by the parties, which was greater than the sanction in *Nance*, because even though he had acknowledged his wrongdoing, he continued to place a majority of blame on his failure to receive notices rather than on his failure to stay current on court proceedings or to become familiar with electronic filings. The panel stated that Trivers's misconduct was more widespread than Nance's and involved more cases and was due to carelessness and lack of attention similar to his previous disciplinary action. *See Cincinnati Bar Assn. v. Trainor*, 129 Ohio St.3d 100, 2011-Ohio-2645, 950 N.E.2d 524, ¶ 10-11.

{¶ 20} The board, however, increased the sanction on its review, recommending that Trivers be suspended from the practice of law for two years, with one year stayed, conditioned on Trivers's (1) completing six hours of continuing legal education on law-office management, (2) completing one year of monitored probation in accordance with Gov.Bar R. V(9)(B), during which the monitor should ensure that Trivers practices only in those areas in which he is competent, and (3) engaging in no further misconduct.

{¶ 21} Neither party has objected to the board's recommendation of a greater sanction.

{¶ 22} Having examined the evidence presented, the parties' stipulations, and the aggravating and mitigating factors, we agree with the board that the more appropriate sanction is a two-year suspension with one year stayed on conditions. Accordingly, we suspend Trivers from the practice of law for two years, with one year stayed, conditioned on Trivers's (1) completing six hours of continuing legal education on law-office management, in addition to the general requirements of Gov.Bar R. X(3)(G), (2) completing one year of monitored probation in accordance with Gov.Bar R. V(9)(B), during which the monitor should ensure that Trivers practice only in those areas in which he is competent, and (3) engaging in no further misconduct.

6

**{¶ 23}** Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Plunkett Cooney and Amelia A. Bower; and Eugene Whetzel, for relator.

James E. Arnold & Associates, L.P.A., and Alvin E. Mathews Jr., for respondent.

_____