[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dayton Bar Assn. v. Scaccia,* Slip Opinion No. 2016-Ohio-3299.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3299

DAYTON BAR ASSOCIATION *v*. SCACCIA.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dayton Bar Assn. v. Scaccia,* Slip Opinion No. 2016-Ohio-3299.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—To violate second clause of Prof.Cond.R. 3.4(d), an attorney must "intentionally or habitually * * * fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party"—18-month suspension with six months stayed on conditions.*

(No. 2015-1628—Submitted January 6, 2016—Decided June 8, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-006.

_____

**Per Curiam.**

{¶ 1} Respondent, John Joseph Scaccia, of Dayton, Ohio, Attorney Registration No. 022217, was admitted to the practice of law in Ohio in 1983.

**{¶ 2}** This is the third disciplinary case that we have decided against Scaccia over the past two years. On October 2, 2014, we found that he had failed to competently manage a case, charged an improper nonrefundable fee, and failed to properly deposit funds into and maintain records for his client trust account. *Dayton Bar Assn. v. Scaccia*, 141 Ohio St.3d 35, 2014-Ohio-4278, 21 N.E.3d 290. We suspended his license for one year with six months stayed but conditioned his reinstatement on the payment of restitution to a number of former clients. *Id.* at ¶ 38. On January 6, 2016, during oral argument in the present matter, Scaccia's counsel indicated that Scaccia had not yet completed making restitution to his former clients. Therefore, his first suspension remains in effect.

**{¶ 3}** While the first disciplinary case was pending, relator, Dayton Bar Association, filed another complaint charging Scaccia with professional misconduct in two different client matters. On June 25, 2015, we found that he had again violated the rules regulating client trust accounts and that he had also failed to properly prepare a closing statement in a contingent-fee case and failed to properly communicate the scope of his representation to a client. *Dayton Bar Assn. v. Scaccia*, 143 Ohio St.3d 144, 2015-Ohio-2487, 34 N.E.3d 919. Based on that misconduct, we sanctioned him with another one-year suspension, with six months stayed on conditions. However, we allowed his suspension to run concurrently with the sanction that we imposed in his first case. *Id.* at ¶ 17-18.

**{¶ 4}** In January 2015, relator filed the current complaint, charging Scaccia with professional misconduct in 2012 and 2013 in connection with a single client's case. Scaccia denied the allegations against him, and the matter proceeded to a contested hearing before a three-member panel of the Board of Professional Conduct. The board found that he had violated the Rules of Professional Conduct and recommended that we suspend him for an additional 18 months, with the final six months stayed on conditions. Scaccia objects to the board's findings of

misconduct and the recommended sanction, arguing that any new suspension should run concurrently with his previous suspension.

{¶ 5} Based upon our independent review of the record, we overrule Scaccia's objections and accept the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 6} In June 2012, Scaccia filed an administrative appeal in the Van Wert County Court of Common Pleas on behalf of a client who had been denied certain workers' compensation benefits by the Industrial Commission. According to Scaccia, he thereafter had difficulty connecting with his client. Regardless, it cannot be disputed that Scaccia failed to timely respond to discovery requests from the defendant, V.H. Cooper & Co., Inc. ("Cooper"), or to respond to Cooper's ensuing motion to compel and for sanctions. Nor did Scaccia appear for a September 20, 2012 hearing on Cooper's motion to compel, although Scaccia claims that he had not received timely notice of the hearing. The common pleas court ordered that Scaccia respond to Cooper's discovery requests within five days or face dismissal of the complaint. The judge also ordered that Scaccia or his client pay sanctions in the amount of $2,669.04 by October 15, 2012, to reimburse Cooper for its expenses in having to bring the motion to compel.

{¶ 7} Scaccia sent Cooper's counsel several e-mails attempting to respond to her discovery requests. The common pleas court later found, however, that the responses were incomplete and therefore dismissed the case with prejudice for failure to comply with the court's discovery deadline. Scaccia appealed, but the court of appeals dismissed the appeal as not timely filed.

{¶ 8} Scaccia also failed to pay the court-ordered sanctions by the October 2012 deadline. In March 2013, Scaccia and Cooper's counsel agreed to a payment plan, but after rendering two late checks, Scaccia stopped making the scheduled payments. In May 2013, on the day of a scheduled show-cause hearing, Scaccia

sent Cooper's counsel a check for the remaining amount owed, and the judge therefore continued the hearing. The check, however, was later dishonored for insufficient funds. In June 2013, Scaccia finally sent Cooper a certified bank check for the remaining sanctions award—eight months after his initial deadline.

{¶ 9} Consequently, Cooper filed a motion for additional fees and expenses incurred to secure the original sanctions award. In September 2013, the common pleas court found that Scaccia's dilatory conduct in the case had harmed Cooper and therefore ordered him to pay $5,980 in additional attorney fees. Scaccia appealed, but the appeal was dismissed because Scaccia had misidentified the appellant as his client rather than himself in the caption of his notice of appeal. At the time of his disciplinary hearing, Scaccia had not paid any amount of the court-ordered judgment against him.

{¶ 10} Based on this conduct, the board found that Scaccia had violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal), and 3.4(d) (prohibiting a lawyer, in a pretrial procedure, from intentionally or habitually failing to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party).

{¶ 11} Scaccia objects to the board's findings that he violated Prof.Cond.R. 3.4(c) and 3.4(d).

*Scaccia's objection to the Prof.Cond.R. 3.4(c) violation*

{¶ 12} As noted above, Prof.Cond.R. 3.4(c) prohibits an attorney from knowingly disobeying an obligation under a court's rules. To support its finding of a Prof.Cond.R. 3.4(c) violation, the board cited two cases involving that rule: *Akron Bar Assn. v. Shenise*, 143 Ohio St.3d 134, 2015-Ohio-1548, 34 N.E.3d 910, in which an attorney consciously ignored an order to appear at a client's contempt hearing, and *Disciplinary Counsel v. Stafford*, 128 Ohio St.3d 446, 2011-Ohio-

1484, 946 N.E.2d 193, in which an attorney engaged in evasive conduct during the discovery process.

{¶ 13} In his objections, Scaccia argues that unlike the attorneys in *Shenise* or *Stafford*, he did not consciously ignore a hearing or make misrepresentations to opposing counsel during discovery, and he therefore asserts that the Prof.Cond.R. 3.4(c) violation "should be set aside." But the mere fact that Scaccia's conduct was not identical to the misconduct in *Shenise* or *Stafford* does not mean that he did not violate Prof.Cond.R. 3.4(c). The board specifically determined that Scaccia violated the rule by knowingly (1) failing to comply with the trial court's deadline to respond to discovery, (2) failing for eight months to comply with the court order to pay Cooper $2,669.04 in attorney fees, and (3) continuing to fail to pay the court-ordered sanction of $5,980 in additional attorney fees. Because there is clear and convincing evidence supporting the board's finding that Scaccia knowingly disobeyed three court orders, we overrule his objection to the board's finding of a Prof.Cond.R. 3.4(c) violation.

*Scaccia's objection to the Prof.Cond.R. 3.4(d) violation*

{¶ 14} Prof.Cond.R. 3.4(d) provides that an attorney "shall not * * * in pretrial procedure, intentionally or habitually make a frivolous motion or discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party." Because this court has not yet had the opportunity to apply or interpret Prof.Cond.R. 3.4(d), the board could not decide whether the "intentionally or habitually" language in the rule applied only to the first clause or to both clauses—that is, both to the prohibition against making a frivolous motion or discovery request (the first clause) *and* to the prohibition against failing to make a reasonably diligent effort to comply with a discovery request (the second clause). The "intentionally or habitually" language has never been included in Model Rule 3.4(d) of the American Bar Association's Model Rules of Professional Conduct, which means that this court added the language

when it adopted the Ohio Rules of Professional Conduct in 2007. *See* American Bar Association, Annotated Model Rules of Professional Conduct, Rule 3.4, at 321 (6th Ed.2007). As the board noted, this language may have been added to recognize that enforcement of discovery rules should be left to the trial court and that only intentional or repeated failures to comply with legally proper discovery requests should rise to the level of a Prof.Cond.R. 3.4(d) violation.

{¶ 15} Assuming that an attorney must act "intentionally or habitually" to violate the second clause in Prof.Cond.R. 3.4(d), the board came to the "firm conclusion" that Scaccia's failure to comply with Cooper's discovery requests—including his deliberately ignoring Cooper's motion to compel and failing to come close to complying with the trial court's discovery order—amounted to intentional conduct. Scaccia objects to any finding that he "intentionally" disregarded the discovery process, noting that he attempted to comply, albeit late and incompletely, with the court's discovery deadline.

{¶ 16} We find that because "intentionally and habitually" precedes both verb clauses in the rule, the words serve to modify each clause separately and not just the first clause. Therefore, to violate the second clause of Prof.Cond.R. 3.4(d), an attorney must "intentionally or habitually * * * fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party." We also defer to the board's conclusion that Scaccia's failure to comply with Cooper's discovery was deliberate. The hearing panel was in the best position to assess the credibility of the witnesses and determine whether Scaccia's conduct was intentional. "[W]e typically defer to factual findings of the panel and board unless the record weighs heavily against those determinations." *Cleveland Metro. Bar Assn. v. Gruttadaurio*, 136 Ohio St.3d 283, 2013-Ohio-3662, 995 N.E.2d 190, ¶ 31. Here, Scaccia has not established that the record weighs heavily in his favor, and we therefore overrule this objection.

**{¶ 17}** Accordingly, having determined that Scaccia's objections to the board's misconduct findings are meritless, we adopt the board's recommended rule violations. We also adopt the board's recommendation to dismiss the remaining charged violations asserted in relator's complaint.

### Sanction

**{¶ 18}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

*Aggravating and mitigating factors*

**{¶ 19}** The board found the following aggravating factors: Scaccia has prior discipline, he committed multiple offenses, he refused to acknowledge the wrongful nature of his conduct, his misconduct harmed his client and the opposing party, and he has not yet paid the court-ordered sanction of $5,980. *See* Gov.Bar R. V(13)(B)(1), (4), (7), (8), and (9). In mitigation, the board found that Scaccia lacked a dishonest or selfish motive, he had a cooperative attitude toward the board proceedings, he submitted evidence of good character and reputation, and other sanctions have already been imposed for some of his misconduct. *See* Gov.Bar R. V(13)(C)(2), (4), (5), and (6).

**{¶ 20}** Scaccia objects to the board's refusal to give him mitigating credit for family and personal-health issues that he claims he experienced at the time of his misconduct, including an alleged vitamin-D deficiency that led to absentmindedness. The board found that it could not recognize Scaccia's health as a significant mitigating factor because he had failed to present any medical evidence supporting his own testimony on the subject. In his objections, Scaccia claims that the board set an "unrealistic and unattainable standard" to establish mitigation evidence and that his own testimony about his health condition should have been sufficient.

**{¶ 21}** We disagree. Gov.Bar R. V(13)(C)(7) provides that a disorder may be a mitigating factor when there has been all of the following: a diagnosis by a qualified health-care professional, a determination that the disorder contributed to the cause of the misconduct, a certification of successful completion of an approved treatment program, and a prognosis from a qualified health-care professional that the attorney will be able to return to the competent, ethical practice of law. Contrary to Scaccia's argument, the board did not set an "unrealistic or unattainable" standard by merely requiring him to set forth the necessary medical evidence required by Gov.Bar R. V(13)(C)(7). Accordingly, we overrule this objection.

*Applicable precedent*

**{¶ 22}** The board recommends that we suspend Scaccia for 18 months, with the final six months stayed on conditions, including that he pay the outstanding court judgment against him. To support its recommendation, the board cited *Akron Bar Assn. v. DeLoach*, 143 Ohio St.3d 39, 2015-Ohio-494, 34 N.E.3d 88, and *Ohio State Bar Assn. v. Trivers*, 134 Ohio St.3d 139, 2012-Ohio-5389, 980 N.E.2d 992.

**{¶ 23}** In *DeLoach*, the attorney had failed to diligently represent a client, failed to promptly return the unearned portion of that client's retainer, and failed to deposit that client's retainer in her client trust account. In aggravation, we noted that the attorney had been disciplined on two prior occasions over a relatively short period of time and that she had failed to make timely restitution. *Id.* at ¶ 1, 12. In *Trivers*, the attorney had failed to competently and diligently represent a client, disregarded a court order to disgorge attorney fees, and failed to file required documents in numerous bankruptcy proceedings. In aggravation, the attorney had prior discipline, and the panel noted that he had placed a majority of the blame for his wrongdoing on others rather than his own carelessness. *Id.* at ¶ 17-19. In both *DeLoach* and *Trivers*, we suspended the attorneys for two years, with one year stayed on conditions. *DeLoach* at ¶ 20; *Trivers* at ¶ 22.

8

**{¶ 24}** Scaccia argues that the board's recommended sanction is too severe for his misconduct in this case and that the more analogous precedent is *Toledo Bar Assn. v. Royer*, 133 Ohio St.3d 545, 2012-Ohio-5147, 979 N.E.2d 329. In *Royer*, the attorney had neglected multiple matters for a single client and failed to deposit a client's retainer into and maintain records for his client trust account. We noted that the attorney's misconduct appeared to be the result of bad time management and recordkeeping, and we therefore imposed a one-year suspension, fully stayed on conditions. *Id.* at ¶ 15. Scaccia suggests that the same rationale should apply here and that he should not serve another actual suspension.

**{¶ 25}** We find, however, that *DeLoach* and *Trivers* are more applicable to Scaccia's circumstances than is *Royer*. The attorney in *Royer* had no prior discipline and had made restitution to his former clients. *Royer* at ¶ 12. But Scaccia—similar to the attorney in *DeLoach*—has been twice disciplined by this court and has not completed timely restitution (in this case or his first disciplinary case). And similar to the attorney in *Trivers*, Scaccia disregarded a court's orders and has refused to acknowledge the wrongful nature of his misconduct. Thus, although the misconduct in *DeLoach* and *Trivers* was more widespread than Scaccia's misconduct in this case, we agree with the board that based on the relevant misconduct and aggravating factors, *DeLoach* and *Trivers* are instructive.

### Conclusion

**{¶ 26}** Having considered the ethical duties violated, the mitigating and aggravating factors, and the sanctions imposed in comparable cases, we overrule Scaccia's objections and accept the board's recommended sanction. Accordingly, John Joseph Scaccia is hereby suspended from the practice of law for 18 months, with the final six months stayed on the conditions that he (1) pay V.H. Cooper & Co., Inc., $5,980 plus interest at the statutory rate from September 27, 2013, as ordered in the September 27, 2013 judgment of the Van Wert County Court of Common Pleas and (2) engage in no further misconduct. Costs are taxed to Scaccia.

Judgment accordingly.

PFEIFER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and O'DONNELL and LANZINGER, JJ., dissent, and would not stay any portion of the 18-month suspension imposed on respondent and would order that the suspension be served consecutively to respondent's suspensions in other cases.

_____

Brian D. Weaver, for relator.

Beiser, Greer & Landis, L.L.P., and David P. Williamson, for respondent.

_____