TOLEDO BAR ASSOCIATION *v.* GRUHLER.

[Cite as Toledo Bar Assn. *v.* Gruhler (1985), 16 Ohio St. 3d 5.]

(D.D. No. 84-36—Decided March 13, 1985.)

6

Messrs. *Marshall & Melhorn* and Mr. *Richard M. Kerger,* for relator.
Messrs. *Britz & Zemmelman* and Mr. *Harland M. Britz,* for respondent.

*Per Curiam.* Initially, there is no dispute that respondent violated DR 1-102(A)(4) and (6). Relator's sole objection to the board's findings and recommendation deals with the recommended sanction of a one-year suspension. The Toledo Bar Association has advocated throughout this entire proceeding that respondent be permanently disbarred or, at the minimum, be indefinitely suspended. Relator characterizes respondent's conduct as intentional, fraudulent, and amounting to theft from his clients. Respondent, having filed no objections to the board's report, would accept a one-year suspension or, ideally, a public reprimand. For the following reasons, we adopt the board's findings as well as its recommendation that respondent be suspended for one year.

In *Lake Cty. Bar Assn.* v. *Baxter* (1983), 4 Ohio St. 3d 82, this court held that an indefinite suspension was the appropriate sanction for an attorney involved in a check kiting scheme where in excess of $16,000 remained unpaid to the bank involved.

Furthermore, this court stated in *Disciplinary Counsel* v. *Morton* (1983), 5 Ohio St. 3d 206, 208:

"* * * There are few ethical breaches which impact more negatively on the integrity of the legal profession than the misuse of a client's funds."

In *Disciplinary Counsel* v. *Lucey* (1984), 14 Ohio St. 3d 18, 21, we added:

"This is true whether the attorney's actions are due to dishonesty or, as was the case herein, ignorance and ineptitude."

This court's disciplinary decisions make it quite clear that misuse of client funds by attorneys will not be tolerated. In the case at bar, there is

no indication that any client was damaged or that the rights of a client were prejudiced as a result of respondent's misconduct, even though at several times there were insufficient funds in respondent's client trust account. It was fortuitous that respondent was not required to disburse the funds of a client during the times that the trust account was overdrawn. Nevertheless, respondent's conduct required him to make restitution to a number of financial institutions which placed his integrity into issue with respect to future deposits of client funds. Without intent to diminish the gravity of respondent's conduct, this court, in light of all the circumstances herein, does not feel that respondent merits permanent disbarment or an indefinite suspension; rather, the appropriate sanction is a one-year suspension.

Accordingly, the relator's objections to the board's report are overruled, the findings and recommendation of the board are adopted, and respondent is hereby suspended from the practice of law for a period of one year.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.