CINCINNATI BAR ASSOCIATION *v.* WALKER.

[Cite as Cincinnati Bar Assn. *v.* Walker (1986), 28 Ohio St. 3d 102.]

(D.D. No. 86-31—Decided December 24, 1986.)

*Jon Hoffheimer, Charles S. Kamine* and *John M. Kunst, Jr.,* for relator.

*Bauer, Morelli & Heyd Co., L.P.A.,* and *Arnold Morelli,* for respondent.

*Per Curiam.* This court finds upon a review of the record that respondent violated the aforementioned Disciplinary Rules. Respondent argues

that a penalty less than a one-year suspension would be an appropriate sanction in view of his age, prior record and sole-practitioner status. We disagree.

In *Disciplinary Counsel* v. *Morton* (1983), 5 Ohio St. 3d 206, this court stated at 208:

"* * * There are few ethical breaches which impact more negatively on the integrity of the legal profession than the misuse of a client's funds. * * *"

In *Toledo Bar Assn.* v. *Gruhler* (1985), 16 Ohio St. 3d 5, this court further stated at 6:

"This court's disciplinary decisions make it quite clear that misuse of client funds by attorneys will not be tolerated. * * *" See, also, *Toledo Bar Assn.* v. *Potts* (1984), 9 Ohio St. 3d 89.

After consideration of the totality of the circumstances and the record before us, we are compelled to accept the recommendation of the board of commissioners. Respondent is hereby suspended from the practice of law for a period of one year.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.