COLUMBUS BAR ASSOCIATION *v.* GILL.

[Cite as Columbus Bar Assn. *v.* Gill (1988), 39 Ohio St. 3d 4.]

(No. D.D. 87-30—Submitted April 13, 1988—Decided September 28, 1988.)

6

*Michael T. Gunner,* for relator.

*Charles W. Kettlewell,* for respondent.

*Per Curiam.* The record clearly supports the board's finding that respondent violated DR 9-102. Therefore, we adopt this finding as our own. Our review of the evidence, however, requires us to impose a more severe sanction than that recommended.

In the past, this court has plainly warned that it will not tolerate an attorney's misuse of his client's funds and it has responded to such ethical breaches by suspending the attorney from the practice of law for at least one year. See, *e.g., Toledo Bar Assn.* v. *Gruhler* (1985), 16 Ohio St. 3d 5, 16 OBR 257, 475 N.E. 2d 481; *Toledo Bar Assn.* v. *Potts* (1984), 9 Ohio St. 3d 89, 9 OBR 318, 459 N.E. 2d 499; and *Cincinnati Bar Assn.* v. *Walker* (1986), 28 Ohio St. 3d 102, 28 OBR 195, 502 N.E. 2d 646.

Here, however, respondent did more than misuse his client's funds. While respondent was never prosecuted, his misconduct also involved forgery, a felony under R.C. 2913.31. Misconduct of this magnitude has been met with an indefinite suspension. See, *e.g., Disciplinary Counsel* v. *Bica* (1988), 35 Ohio St. 3d 264, 520 N.E. 2d 221.

Neither *Stark County Bar Assn.* v. *Weber, supra,* nor *Disciplinary Counsel* v. *Pridemore, supra,* persuades us to act more leniently. Those cases did not involve illegalities like the ones committed by respondent. On the other hand, respondent's chemical dependency was a significant factor in causing this disciplinary violation and his efforts to overcome his disease have a mitigating effect. *Disciplinary Counsel* v. *Dodge* (1987), 32 Ohio St. 3d 118, 512 N.E. 2d 650.

The gravity of respondent's offenses requires a commensurate sanction. Accordingly, respondent is hereby suspended indefinitely from the practice of law in Ohio. Because we are impressed with respondent's apparent success in controlling his alcoholism and drug addiction, however, respondent will be permitted to petition for reinstatement in one year. We assume that the monitoring and supervision under which respondent is currently functioning will continue throughout the sanction period. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, JONES and H. BROWN, JJ., concur.

HOLMES, J., concurs in judgment only.

FRED E. JONES, J., of the Twelfth Appellate District, sitting for WRIGHT, J.