CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* NANCE.

[Cite as *Cleveland Metro. Bar Assn. v. Nance,*

**124 Ohio St.3d 57, 2009-Ohio-5957.**]

*Attorneys at law — Misconduct — Conduct adversely reflecting on fitness to practice law — One-year suspension with conditional six-month stay.*

(No. 2009-1145 — Submitted August 11, 2009 — Decided November 19, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-070.

_____

**Per Curiam**.

{¶ 1} Respondent, Donald S. Nance of Cleveland, Ohio, Attorney Registration No. 0034086, was admitted to the practice of law in Ohio in 1979.

{¶ 2} The Board of Commissioners on Grievances and Discipline has recommended that we suspend respondent's license to practice for one year, but stay six months of the suspension on conditions, including that he complete additional legal training in bankruptcy practice and law-practice management and remit or resolve all fines and costs ordered as a result of his misfilings on behalf of bankruptcy clients. The board's recommendation is based on findings that respondent repeatedly failed to comply with bankruptcy court filing requirements. Those failures, in addition to his failures to appear as ordered and his concomitant failure to comply with orders to disgorge fees and pay assessed fines, led to contempt citations. We agree that respondent's failings reflected adversely on his fitness to practice law and accept the board's recommendation of a one-year license suspension, stayed in part.

{¶ 3} Relator, Cleveland Metropolitan Bar Association, charged respondent with professional misconduct, including violations of DR 1-102(A)(6)

and its successor, Prof.Cond.R. 8.4(h) (both prohibiting conduct that adversely reflects on a lawyer's fitness to practice law).[1] A panel of three board members heard the case, including the parties' stipulations to the cited misconduct, and recommended the one-year suspension and six-month conditional stay. The board adopted the panel's findings of misconduct and recommendation.

{¶ 4} The parties have not objected to the board's report.

## Misconduct

### Count I

{¶ 5} Respondent began taking bankruptcy cases in 1981. In April 2005, he filed a Chapter 13 bankruptcy petition on behalf of a client in the United States Bankruptcy Court for the Northern District of Ohio. In an electronically filed fee-disclosure statement, respondent mistakenly represented to the court that he had paid the requisite filing fee when, in truth, his payment had not been accepted. On motion of the bankruptcy trustee, the court ordered respondent to disgorge $200 in paid attorney fees. Although respondent paid the missing filing fee later that April, he then failed for months to comply with the order to disgorge fees.

{¶ 6} In late December 2005, after respondent failed without explanation to appear and show cause why he should not be held in contempt, the court granted the trustee's motion and held respondent in civil contempt. The court allowed him ten days to purge the contempt but then began assessing a fine of $10 per day. Respondent has since complied with the order to disgorge fees, and on December 5, 2008, the court ordered that his outstanding fines and costs, which at that time exceeded $7,000, be held in abeyance.

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Disciplinary Rules of the Code of Professional Responsibility. Although both the former and current rules are cited for the same acts, the allegations comprise a single continuing ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

**{¶ 7}** The parties stipulated and the board found that respondent had violated DR 1-102(A)(6) and its successor, Prof.Cond.R. 8.4(h), as charged in Count I. We accept these findings of misconduct.

*Counts II and III*

**{¶ 8}** Respondent also conceded having mishandled two Chapter 13 bankruptcy cases filed in 2006, as alleged in Counts II and III. Respondent failed to file on behalf of each client the required signed form setting forth the "Rights and Responsibilities of Chapter 13 Debtors and Attorneys." According to the stipulations, the failure to file this form, which reported the preliminary attorney-fee payment by the debtor and the fees anticipated upon confirmation of the reorganization plan, precludes the allowance of attorney fees other than by formal itemized application to the court.

**{¶ 9}** The same trustee appointed to oversee the Count I bankruptcy filed a motion in both the Count II and III cases for an order requiring respondent to disgorge paid attorney fees. The court ordered respondent in August 2006 to disgorge $500 to the debtor in Count II and in January 2007 to disgorge $400 to the debtor in Count III. When respondent failed to pay, the trustee moved the court to cite him for civil contempt. Respondent again failed without explanation to appear at hearings on the motions, and the court granted both. In March 2007, the court assessed a $25 fine for each day that respondent failed to remit fees to the debtor's estate in Count II. In October 2007, after denying respondent's requests for relief, the court assessed a $25 fine for each day that he failed to remit fees to the debtor's estate in Count III.

**{¶ 10}** Respondent eventually paid $500 and $400, respectively, to the debtors' estates. On December 2, 2008, upon respondent's motion to reinstate his filing privileges, the court ordered the fines and costs assessed in the Count II debtor's case, which at that time exceeded $12,000, to be held in abeyance. The record does not reflect whether a similar order was issued relative to the more

than $6,500 in fees and costs assessed in the Count III debtor's case, which ultimately resulted in a Chapter 7 discharge through the efforts of successor counsel.

{¶ 11} As to each of Counts II and III, the parties stipulated and the board found that respondent had violated DR 1-102(A)(6) and its successor, Prof.Cond.R. 8.4(h). We accept these findings of misconduct.

**Sanction**

{¶ 12} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). As an aggravating factor under BCGD Proc.Reg. 10(B)(1)(a), the parties acknowledged prior discipline imposed for respondent's misuse of his client trust account – a six-month suspension from practice on July 9, 2008, stayed on conditions including no misconduct during the stay. See *Cuyahoga Cty. Bar Assn. v. Nance*, 119 Ohio St.3d 55, 2008-Ohio-3333, 891 N.E.2d 746. The parties also stipulated that respondent had committed multiple offenses, an aggravating factor under BCGD Proc.Reg. 10(B)(1)(d). Both considerations weigh against respondent.

{¶ 13} Though he has since regained electronic-filing privileges, the bankruptcy court had revoked those privileges along with ordering the sanctions for respondent's misfilings and contempt. The parties stipulated to the mitigating effect of these orders under BCGD Proc.Reg. 10(B)(2)(f) (recognizing the mitigating effect of penalties or sanctions imposed outside the disciplinary system). The parties also stipulated that respondent's clients were not prejudiced by his misconduct. We accept these factors as mitigating.

{¶ 14} Contrary to the parties' stipulation, however, we do not see any mitigation in the fact that the same bankruptcy trustee moved for sanctions against respondent in each of the underlying cases. Nothing in the record suggests that the trustee acted improperly. Respondent also referred to his having health

problems and a mental disability during the events at issue; however, he did not establish that either condition was mitigating as having contributed to cause his misconduct. Cf. BCGD Proc.Reg. 10(B)(2)(g)(i) and (ii).

{¶ 15} The board also expressed misgivings about respondent's inability to reconcile events to which he had initially stipulated but could not clearly recall at the hearing. But rather than find respondent untruthful, the board inferred only that he was ill prepared for the hearing. The board also concluded that respondent did not appreciate the professional irresponsibility in failing to appear at his own contempt hearings. The board thus found as an aggravating factor under BCGD Proc.Reg. 10(B)(1)(g) that respondent had refused to acknowledge the wrongful nature of his conduct.

{¶ 16} As to his failure to comply with the various sanctions ordered by the bankruptcy court, respondent cited his declining practice and lack of financial resources to pay. In fact, he did not repay the necessary attorney fees for almost three years after the first disgorgement order. Respondent's contempt fines remain outstanding, and he did not know whether he still owed them, given the orders holding some or all of the fines in abeyance.

{¶ 17} The board also considered sanctions imposed in similar cases:

{¶ 18} "Relator is seeking a 12 month suspension, with 6 months stayed on the conditions that respondent commits no further misconduct during the period of the stayed suspension and attends 6 additional CLE (continuing legal education) hours in law practice management or bankruptcy.

{¶ 19} "Respondent asks that any additional sanction be stayed in its entirety.

{¶ 20} "Relator cites *Mahoning Cty. Bar Assn. v. Olivito,* 110 Ohio St.3d 64, 2006-Ohio-3564 [850 N.E.2d 702], in support of its proposed sanction. Even though Olivito's actions occurred while representing bankruptcy clients, the panel

finds that *Cincinnati Bar Assn. v Heisler,* 119 Ohio St. 3d *573,* 2008-Ohio-5221 [895 N.E.2d 839], is more on point."

{¶ 21} Heisler defaulted on court-ordered child-support payments, but as the board observed, his failure to pay child support was largely the result of his poor financial situation. We therefore suspended him from practice for one year but credited toward that suspension the time his license had already been under suspension pursuant to Gov.Bar R. V(5) (interim suspension upon notice of default on child support). We also conditioned his reinstatement upon compliance with *Cincinnati Bar Assn. v. Heisler,* 116 Ohio St.3d 1448, 2007-Ohio-6842, 878 N.E.2d 27 (our order finding Heisler in contempt for his failure to pay costs in a previous unrelated disciplinary proceeding).

{¶ 22} The parties have not objected to the board's recommendation. And in the absence of any precedent more analogous, *Heisler* is authority for imposing a sanction of less than a one-year actual suspension when a lawyer's financial distress is a major factor in the lawyer's failure to pay funds under court order. The recommended one-year suspension with a six-month stay is appropriate, provided that respondent commit no further misconduct, complete six hours of CLE in law-practice management and bankruptcy practice, in addition to the general requirements of Gov.Bar R. X, and remit or resolve the payment of all fines and costs with the court.

{¶ 23} Respondent is therefore suspended from the practice of law in Ohio for one year; however, the last six months of the suspension are stayed on the conditions that respondent commit no further misconduct, complete six hours of CLE in addition to the general requirements of Gov.Bar R. X in bankruptcy practice and law-practice management, and remit or resolve the payment of all fines and costs assessed by the bankruptcy court. If respondent fails to comply with the conditions of the stay, the stay will be lifted and respondent will serve the entire one-year suspension.

{¶ 24} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., concurs but would stay the entire suspension.

_____

Heather M. Zirke, Bar Counsel, and David O. Simon, for relator.

James Alexander Jr., for respondent.

_____