DISCIPLINARY COUNSEL *v.* GERCHAK.

[Cite as *Disciplinary Counsel v. Gerchak,*

130 Ohio St.3d 143, 2011-Ohio-5075.]

*Attorney misconduct—Conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct prejudicial to the administration of justice—One-year suspension, all stayed on condition.*

(No. 2011-0700—Submitted June 21, 2011—Decided October 5, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-069.

_____

**Per Curiam.**

{¶ 1} Respondent, David John Gerchak, Attorney Registration No. 0069060, was admitted to the practice of law in Ohio in 1998. In August 2010, Disciplinary Counsel, relator, filed a complaint charging Gerchak with misconduct and violations of the Rules of Professional Conduct based on misrepresentations he made to the bankruptcy court.

{¶ 2} The parties filed stipulations of fact and stipulated that Gerchak had violated Prof.Cond.R. 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). A panel of the Board of Commissioners on Grievances and Discipline conducted a hearing to consider additional allegations of misconduct. The panel determined that there was clear and convincing evidence that Gerchak had violated Prof.Cond.R. 8.4(c) and 8.4(d) (conduct that is prejudicial to the administration of justice), but there was insufficient evidence that he had violated Prof.Cond.R. 8.4(h) (conduct that adversely reflects on the lawyer's fitness to practice law). The panel recommended that Gerchak be suspended from the practice of law for one year with the entire year stayed upon conditions. The

board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

{¶ 3}  On May 10, 2011, we gave Gerchak 20 days to show cause why we should not adopt the recommendations of the board.  He did not reply.  Based on the evidence before us, we adopt the board's findings and conclusions, and we suspend Gerchak's license to practice law in Ohio for a period of one year, with the entire suspension stayed on the conditions set by the panel.

### Facts

{¶ 4}  Gerchak is a sole practitioner who practices in the area of bankruptcy law.  On November 20, 2009, Judge Kay Woods of the United States Bankruptcy Court, Northern District of Ohio, found Gerchak in contempt for failing to respond to show-cause orders in two separate cases and suspended his electronic-filing ("ECF") privileges in bankruptcy court for 60 days for purposes of filing new cases only.

{¶ 5}  On December 16, 2009, Gerchak electronically filed a bankruptcy petition on behalf of a client using the ECF account of attorney Jeffrey Kurz because Gerchak's ECF privileges had been suspended.  Gerchak filed a disclosure-of-compensation form with the bankruptcy petition stating that Kurz, as attorney for the debtor, had received $800 in fees from the client.  The following day, Gerchak filed a notice of appearance as co-counsel in the case.

{¶ 6}  Although the client had paid him the entire filing fee in advance, Gerchak did not pay the filing fee when he filed the petition.  Because of the ECF suspension, he was unable to pay the fee electronically as required.  Instead, on December 30, 2009, Gerchak applied to the court to pay the fee in installments. The application, which was electronically signed by Kurz and the client, stated that the debtor was unable to pay the filing fee except in installments, a statement that was clearly untrue, as the client had already given Gerchak the filing fee.

Neither Kurz nor the client was aware that Gerchak was going to file the application.

{¶ 7}   On January 12, 2010, Judge Woods found Gerchak in contempt for electronically filing the bankruptcy petition during the 60-day suspension of his ECF privileges.  The order extended the suspension, prohibited him from filing any documents in bankruptcy court through March 19, 2010, and required him to disgorge the $800 fee paid by his client.

{¶ 8}   During a hearing before Judge Woods, Gerchak admitted that he had used Kurz's ECF account to file a new case and that he had falsely stated to the court that the debtor was unable to pay the filing fee except in installments. He also admitted that he had not obtained his client's consent to file the application to pay in installments.

### Misconduct

{¶ 9}   Gerchak stipulated that his actions violated Prof.Cond.R. 8.4(c). The panel further found, and the board agreed, that Gerchak's having been found in contempt by Judge Woods on two occasions within 60 days and his admission to violating Prof.Cond.R. 8.4(c) constituted clear and convincing evidence that Gerchak had also violated Prof.Cond.R. 8.4(d).   But the panel and board concluded that there was insufficient evidence of a violation of Prof.Cond.R. 8.4(h) and recommended that that charge be dismissed.

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the duties violated and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.  In addition, we also weigh evidence of aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on

Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 11} Here, the parties stipulated in mitigation that Gerchak had no prior disciplinary record and that he provided full and free disclosure during the investigation and exhibited a cooperative attitude. BCGD Proc.Reg. 10(B)(2)(a) and (d). In addition, the panel found that there was no dishonest or selfish motive, that Gerchak had a good character and reputation in the legal community, and that other penalties or sanctions had been imposed on him. BCGD Proc.Reg. 10(B)(2)(b), (e), and (f).

{¶ 12} The panel found as the only aggravating factor that Gerchak had committed multiple offenses. BCGD Proc.Reg. 10(B)(1)(d).

{¶ 13} We have held that "[a] violation of Prof.Cond.R. 8.4(c) will typically result in an actual suspension from the practice of law unless 'significant mitigating factors that warrant a departure' from that principle are present." *Disciplinary Counsel v. Potter*, 126 Ohio St.3d 50, 2010-Ohio-2521, 930 N.E.2d 307, ¶ 10, quoting *Disciplinary Counsel v. Rohrer*, 124 Ohio St.3d 65, 2009-Ohio-5930, 919 N.E.2d 180, ¶ 45. In this case, the panel concluded and the board agreed that there were sufficient mitigating factors to warrant a stayed suspension.

{¶ 14} First, Gerchak's misrepresentations to the bankruptcy court were not made for malicious or selfish reasons. See *Disciplinary Counsel v. Ricketts*, 128 Ohio St.3d 271, 2010-Ohio-6240, 943 N.E.2d 981, ¶ 41. He intended to pay the filing fee and did so within a week after he filed the false application to pay in installments. Next, Gerchak presented evidence that he was suffering from depression at the time of this incident and that he had been under significant stress for many years as a result of a chronic genetic illness of his son. The panel considered that Gerchak began treatment in the fall of 2009 with a psychiatrist for depression, anxiety, and an eating disorder and had entered into a three-year contract with the Ohio Lawyers Assistance Programs ("OLAP") on February 9,

2010. The panel found that Gerchak's mental state, although not a mitigating factor, had clouded his judgment and contributed to his making a bad decision concerning nonpayment of the filing fee. But the panel concluded that this was an ethical lapse unlikely to recur and that an actual suspension was not necessary to protect the public.

{¶ 15} Finally, the panel acknowledged that Gerchak had fully cooperated in the disciplinary process and expressed sincere remorse for his misconduct. Gerchak's client was not harmed by his misconduct, and the bankruptcy court imposed a sanction on Gerchak for his misconduct. For these reasons, the panel concluded, and the board agreed, that the evidence established significant mitigating factors that warranted a stayed suspension despite the violations of Prof.Cond.R. 8.4(c) and (d).

{¶ 16} We agree with the board that there are significant mitigating factors indicating that Gerchak is unlikely to commit future misconduct. Accordingly, we suspend Gerchak's license to practice law in Ohio for a period of one year, with the entire suspension stayed on the conditions that he successfully complete his three-year OLAP contract and commit no further misconduct.

{¶ 17} Costs taxed to Gerchak.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.

John B. Juhasz, for respondent.

_____