CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* BROWN-DANIELS.

[Cite as *Cleveland Metro. Bar Assn. v. Brown-Daniels,* 135 Ohio St.3d 278, 2013-Ohio-955.]

*Attorneys—Misconduct—Conduct involving dishonesty or misrepresentation— Conduct adversely reflecting on fitness to practice law—One-year suspension, partially stayed on conditions.*

(No. 2012-1708—Submitted January 23, 2013—Decided March 19, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-035.

_____

**Per Curiam**.

{¶ 1} Respondent, Barbara Charmagne Brown-Daniels of Cleveland Heights, Ohio, Attorney Registration No. 0055655, was admitted to the practice of law in Ohio in 1991. Relator, Cleveland Metropolitan Bar Association, charged Brown-Daniels with professional misconduct in a five-count complaint filed on April 12, 2010.

{¶ 2} Although Brown-Daniels was served with the complaint by certified mail on April 16, 2010, she did not timely file an answer. Relator moved for default on May 16, 2011, and on June 8, 2011, Brown-Daniels moved the Board of Commissioners on Grievances and Discipline for leave to file an answer instanter.

{¶ 3} At the hearing, the panel granted relator's motion to dismiss Counts Two, Three, and Four of its complaint, as well as certain alleged violations in Counts One and Five. Having heard Brown-Daniels's testimony and reviewed the documentary evidence, the panel found that Brown-Daniels had committed the remaining charged misconduct and recommended that Brown-

Daniels be suspended from the practice of law for one year, with six months stayed on conditions. The board adopted the panel's findings of fact and misconduct and the proposed sanction. Neither party has objected to the board's findings or recommendation.

{¶ 4} Based on the evidence before us, we adopt the board's findings of fact and misconduct, and we suspend Brown-Daniels from the practice of law in Ohio for one year, with the final six months of that suspension stayed on the conditions recommended by the board.

**Misconduct**

{¶ 5} Brown-Daniels had been admitted to the bar for approximately nine years before she began practice as a solo practitioner. She served as board counsel for an organization known as Associated Real Estate Counseling, Inc., that provided consumers with credit counseling, mediation, and mortgage assistance. When that organization ceased operations in 2007, Brown-Daniels agreed to represent a number of its clients in bankruptcy proceedings.

{¶ 6} On August 23, 2007, Brown-Daniels appeared before Judge Pat E. Morgenstern-Clarren in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, to show cause why she had not complied with the court's order to return the $650 fee she had received in connection with the case *In re Green*, No. 07-13689. She advised the court that she had kept the fee because she had negotiated with the debtors to apply it to their new bankruptcy filing. The court, however, noted that it could not confirm Brown-Daniels's explanation, because she had failed to file the required disclosure of compensation in the debtors' new case. Therefore, the court found that Brown-Daniels had failed to comply with its previous order and revoked her electronic-filing privileges.

{¶ 7} After the court suspended her electronic-filing privileges, Brown-Daniels arranged for attorney Donald R. Murphy, an established attorney with no

2

bankruptcy experience, to assist her with her bankruptcy practice. The terms of their arrangement were not reduced to writing. Brown-Daniels's testimony and a sworn statement that Murphy gave to relator demonstrate that the two had differing views on the scope of their relationship and their roles—issues that were exacerbated by poor communication. Murphy stated that he was not aware of several of his obligations until the bankruptcy court issued orders to show cause and that he consequently sent Brown-Daniels a letter terminating their relationship on October 23, 2007.

{¶ 8} Brown-Daniels and Murphy appeared at a November 29, 2007 hearing before Judge Morgenstern-Clarren to address show-cause orders issued against them in three separate bankruptcy proceedings. At that hearing, they gave statements regarding their relationship and the actions they had taken in the cases at issue. After the hearing, Judge Morgenstern-Clarren issued an order on December 3, 2007, in which she found that Brown-Daniels had breached the standards that apply to attorneys practicing in the bankruptcy court by (1) filing documents under Murphy's name when she knew she could not file them herself because her electronic-filing privileges had been revoked, (2) filing two documents bearing Murphy's electronic signature without his knowledge or participation, and (3) permitting her nonlawyer staff to complete documents and forms and file them without any attorney supervision. Based on these findings, the court barred Brown-Daniels from filing any new bankruptcy petitions in that court or participating as counsel in cases filed by other attorneys until she satisfied certain educational requirements enumerated in the order and obtained the court's written permission to resume filing.

{¶ 9} Additionally, from August 2007 through June 2008, Brown-Daniels was the subject of multiple disgorgement orders in cases before Judge Morgenstern-Clarren and two other judges in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. In at least three of those

cases, the court found her in contempt and ordered her to pay sanctions of $25 per day until she complied with the disgorgement orders. Brown-Daniels testified that she had not appealed or otherwise challenged those orders, that she did not have the financial ability to pay the disgorgement orders or the sanctions imposed, and that she was awaiting the outcome of this disciplinary proceeding to address those orders.

{¶ 10} With respect to the first count of relator's complaint, the board found that Brown-Daniels had violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client) by virtue of the numerous disgorgement orders issued against her by the bankruptcy court and her association with Murphy—who had no bankruptcy experience—to handle her client's bankruptcy matters following the revocation of her electronic-filing privileges. Based on Murphy's sworn statement and the transcript—and noting relator's failure to call Murphy as a witness at the hearing—the board was not persuaded that Brown-Daniels's use of Murphy's electronic password and signature was always unauthorized. It did find, however, that by using Murphy's password and signature after he terminated their association, Brown-Daniels intended to avoid the order that restricted her own electronic-filing privileges and misrepresented the identity of the responsible attorney to the bankruptcy court.

{¶ 11} The board found that this conduct violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). And with respect to Count Five, the board found that by failing to comply with a number of bankruptcy court orders to disgorge her attorney fees in multiple cases and failing to pay (or petition the court to stay the imposition of) daily sanctions imposed in several of those cases, Brown-Daniels had violated Prof.Cond.R. 8.4(d) and 8.4(h)

(prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

**Sanction**

**{¶ 12}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 13}** The board found Brown-Daniels's pattern of misconduct involving multiple offenses, her refusal to acknowledge the wrongful nature of her conduct, and her failure to make restitution as required by the bankruptcy court's disgorgement orders to be aggravating factors. *See* BCGD Proc.Reg. 10(B)(1)(c), (d), (g), and (i). The board expressed its concern that Brown-Daniels had blamed her staff for using Murphy's electronic password and signature and had suggested that her problems in the bankruptcy court were the result of some animus by the trustee in another bankruptcy matter, portraying herself as a helpless victim rather than a person accountable for her own circumstances.

**{¶ 14}** As mitigating factors, the board found that Brown-Daniels does not have a prior disciplinary record and that the bankruptcy court had imposed sanctions against her for the misconduct at issue in this case. *See* BCGD Proc.Reg. 10(B)(2)(a) and (f). Although Brown-Daniels testified that she suffered from anxiety and depression for which she had sought medical treatment, she presented no evidence or testimony from a medical or mental-health professional to substantiate her claims. Therefore, the board did not consider her alleged conditions to be mitigating. *See* BCGD Proc.Reg. 10(B)(2)(g).

**{¶ 15}** Relator recommended that Brown-Daniels be suspended from the practice of law for one year with no more than six months of that suspension stayed on conditions. The board adopted relator's recommendation, citing *Cleveland Metro. Bar Assn. v. Nance*, 124 Ohio St.3d 57, 2009-Ohio-5957, 918 N.E.2d 1000 (imposing a one-year suspension with six months stayed on conditions on an attorney who repeatedly failed to comply with bankruptcy orders to disgorge fees and pay assessed fines), and *Disciplinary Counsel v. Gerchak*, 130 Ohio St.3d 143, 2011-Ohio-5075, 956 N.E.2d 292 (imposing a one-year fully stayed suspension on an attorney who used another attorney's electronic-filing account to file a client's bankruptcy petition because his own electronic-filing privileges had been suspended). The board recommended that Brown-Daniels be suspended from the practice of law for one year with six months stayed on the conditions that she complete six hours of continuing legal education ("CLE") in law-office management, in addition to the general requirements of Gov.Bar R. X, remit or resolve all fines and costs assessed by the bankruptcy court, and submit evidence of compliance with the continuing-education requirements imposed by Judge Morgenstern-Clarren's December 2007 order barring Brown-Daniels from practicing law in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division.

**{¶ 16}** The board distinguished this case from *Gerchak*, noting that in that case there were multiple mitigating factors to support a fully stayed suspension. Among those factors were the absence of a prior disciplinary record, full and free disclosure and cooperative attitude during the disciplinary proceedings, the absence of a dishonest or selfish motive, evidence of Gerchak's good character and reputation in the legal community, and the sanctions imposed by the bankruptcy court. *Gerchak* at ¶ 11; BCGD Proc.Reg. 10(b)(2)(a), (b), (d), (e), and (f).

**{¶ 17}** We recognize that the facts of *Nance* are not entirely congruent with this case. Nance's misconduct consisted of his mishandling of several bankruptcy matters, his failure to comply with disgorgement orders issued in those proceedings, and his failure to appear at the resultant contempt hearings. *Nance*, 124 Ohio St.3d 57, 2009-Ohio-5957, 918 N.E.2d 1000, at ¶ 5-9. In addition to Brown-Daniels's failure to satisfy a number of disgorgement orders issued against her in her clients' bankruptcy proceedings, she also used another attorney's electronic-filing privileges without authorization to file at least two documents in the bankruptcy court while her own electronic-filing privileges were suspended. But Nance also had a prior six-month stayed suspension for misuse of his client trust account that weighed in favor of a stronger sanction. *Id.* at ¶ 12, citing *Cuyahoga Cty. Bar Assn. v. Nance*, 119 Ohio St.3d 55, 2008-Ohio-3333, 891 N.E.2d 746.

**{¶ 18}** Having reviewed the record, the aggravating and mitigating factors present in this case, and the sanction imposed in *Nance*, we adopt the board's findings of fact and misconduct and are persuaded that the board's recommendation of a one-year suspension with six months conditionally stayed is the appropriate sanction for Brown-Daniels's misconduct.

**{¶ 19}** Accordingly, we suspend Barbara Charmagne Brown-Daniels from the practice of law for one year but stay the second six months of that suspension on the conditions that she (1) commit no further misconduct, (2) complete six hours of CLE in law-office management within 90 days of the date of this order that shall not apply to the general CLE requirements of Gov.Bar R. X, and (3) remit or resolve all fines and costs assessed by the bankruptcy court within 90 days of the date of this order. If Brown-Daniels fails to comply with the conditions of the stay, the stay will be lifted and she will serve the full one-year suspension. Before seeking reinstatement to the practice of law in Ohio, Brown-Daniels shall be required to submit evidence that she has complied with the

continuing-education requirements imposed by Judge Morgenstern-Clarren's December 3, 2007 order barring her from practicing law in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. Costs are taxed to Brown-Daniels.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

David O. Simon and Suzana K. Koch, for relator.

Gerald R. Walton, for respondent.

_____