[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Mahoning Cty. Bar Assn. v. Gerchak,* **Slip Opinion No. 2015-Ohio-4305.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4305

MAHONING COUNTY BAR ASSOCIATION *v.* GERCHAK.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Mahoning Cty. Bar Assn. v. Gerchak,* **Slip Opinion No. 2015-Ohio-4305.]**

*Attorneys—Misconduct—Failure to communicate basis of fee—Failure to hold client funds in client trust account—Failure to deposit pre-paid legal fees in client trust account—Two-year suspension, stayed on conditions—Two-year probationary period.*

(No. 2015-0290—Submitted April 14, 2015—Decided October 20, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-061.

_____

**Per Curiam.**

{¶ 1} Respondent, David John Gerchak of Youngstown, Ohio, Attorney Registration No. 0069060, was admitted to the practice of law in Ohio in 1998.  On May 24, 2007, we suspended him for failure to complete continuing-legal-

education requirements, *In re Continuing Legal Edn. Suspension of Gerchak*, 113 Ohio St.3d 1522, 2007-Ohio-2487, 866 N.E.2d 1095, and in 2011 we suspended him for one year for violating Prof.Cond.R. 8.4(c) and (d), with the entire suspension stayed on the conditions that he comply with the terms of a three-year Ohio Lawyers Assistance Program contract and commit no further misconduct, *Disciplinary Counsel v. Gerchak*, 130 Ohio St.3d 143, 2011-Ohio-5075, 956 N.E.2d 292.

{¶ 2} On September 3, 2014, a probable-cause panel of the Board of Commissioners on Grievances and Discipline[1] certified to the board a complaint filed by relator, Mahoning County Bar Association, against Gerchak. In that complaint, relator alleged that Gerchak had committed multiple ethical violations regarding his recordkeeping in the representation of a criminal defendant.

{¶ 3} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and agreed that a two-year suspension, fully stayed on conditions, is the appropriate sanction for Gerchak's violation of three Rules of Professional Conduct. The parties agreed that the charges regarding two additional alleged rule violations should be dismissed.

{¶ 4} A panel of the board conducted a hearing at which it received the parties' stipulations of fact, stipulated exhibits, and stipulations as to the misconduct. At the hearing, Gerchak was the sole witness, addressing mostly mitigation. The panel adopted the parties' agreed sanctions, including a two-year probation period during which Gerchak would be required to work with a monitoring attorney, obtain a minimum of three hours of continuing legal education in law-office management, pay the costs of the proceeding, and commit no further misconduct. The board adopted the findings of fact, conclusions of law, and

---

[1] Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

recommendation of the panel. We adopt the board's findings, conclusions, and recommended sanction.

**Misconduct**

**{¶ 5}** In the spring of 2008, Jeff Blanche retained Gerchak to represent him in a matter in which he was charged with four counts of assaulting a police officer. He entered a plea and was sentenced to three years of community control with conditions. Blanche later sought to have his conviction expunged or sealed, but Gerchak advised him that his sole avenue of recourse was a gubernatorial pardon. Gerchak gave Blanche a form to obtain fingerprints for a criminal-history check and instructions to collect information to pursue the pardon. Blanche never returned the fingerprint card, even after he had been given a second one. Blanche paid Gerchak $750 to pursue the pardon, but Gerchak did not deposit the funds in his client trust account.

**{¶ 6}** In November 2012, Blanche retained Gerchak to represent him regarding charges of operating a vehicle while impaired ("OVI"). Because Gerchak had not pursued the earlier pardon matter, he and Blanche agreed that the previously paid $750 would be applied to the representation regarding the OVI arrest. Blanche made multiple additional payments, bringing the total he paid Gerchak to $1,400. Gerchak deposited none of the payments in his client trust account. Gerchak did not have a written fee agreement for the OVI case, nor did he provide Blanche with a monthly statement detailing the time spent, funds disbursed, or funds remaining.

**{¶ 7}** The parties stipulated and the board found that Gerchak's conduct violated Prof.Cond.R. 1.5(b) (requiring an attorney to communicate the nature and scope of the representation and the basis or rate of the fee and expenses within a reasonable time after commencing the representation), 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), and 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance). The parties

and the board also recommend that the remaining alleged violations be dismissed. We adopt the board's findings of fact and misconduct.

**Sanction**

{¶ 8} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

{¶ 9} The parties stipulated and the board found as an aggravating factor that Gerchak had prior disciplinary offenses. *See* Gov.Bar R. V(13)(B)(1). As mitigating factors, the parties stipulated and the board found that Gerchak has demonstrated the absence of a dishonest or selfish motive, that he has made full and free disclosure and demonstrated a cooperative attitude toward the disciplinary proceedings, and that he has presented evidence of his good character and reputation apart from the charged misconduct. *See* Gov.Bar R. V(13)(C)(2), (4), and (5). Upon the panel's recommendation, the board also found as mitigating factors Gerchak's acknowledgment of wrongdoing and full reimbursement of fees paid, even though some work was performed on the case. The board also found that Gerchak acknowledged a need for and was receptive to mentoring.

{¶ 10} The parties jointly recommended that Gerchak be suspended for two years, all stayed on conditions. The board considered sanctions imposed in three cases that involved similar facts and violations: *Akron Bar Assn. v. Tomer*, 138 Ohio St.3d 302, 2013-Ohio-5494, 6 N.E.3d 1133 (attorney suspended for two years, stayed on conditions, for violations of Prof.Cond.R. 1.3, 1.4(a)(2), 1.4(c), 1.15, and 8.4(c) that included client-trust-account improprieties; the attorney had no prior discipline, and the aggravating factors included multiple offenses and submission of fraudulent evidence during the disciplinary process), *Disciplinary Counsel v. Dockry*, 133 Ohio St.3d 527, 2012-Ohio-5014, 979 N.E.2d 313 (attorney received

one-year suspension, stayed on conditions, for multiple violations of Prof.Cond.R. 1.15(a), 1.15(a)(2), 1.15(a)(5), 8.4(c), and 8.4(h); numerous mitigating factors were significant to the ultimate sanction), and *Disciplinary Counsel v. Doellman*, 127 Ohio St.3d 411, 2010-Ohio-5990, 940 N.E.2d 928 (attorney received one year suspension, stayed on conditions, for client-trust-account violations, including failure to maintain an account and commingling personal, client, and business funds).

{¶ 11} Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable misconduct, we adopt the board's findings and recommended sanction. Accordingly, David John Gerchak is hereby suspended from the practice of law in Ohio for two years, all stayed on the conditions that he (1) submit to a two-year period of probation pursuant to Gov.Bar R. V(21), during which he shall work with a monitoring attorney, (2) annually complete a minimum of three hours of continuing legal education on law-office management, and (3) commit no further misconduct. If Gerchak fails to comply with the conditions of the stay, the stay will be lifted, and Gerchak will serve the entire two-year suspension. Costs are taxed to Gerchak.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

David C. Comstock Jr. and Ronald E. Slipski, Bar Counsel, for relator.

John B. Juhasz, for respondent.

_____