**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Gill*, **Slip Opinion No. 2025-Ohio-5392.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5392

DISCIPLINARY COUNSEL *v.* GILL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Gill*, Slip Opinion No. 2025-Ohio-5392.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct relating to attorney's client trust accounts—Two-year suspension with 18 months conditionally stayed.*

(No. 2025-0483—Submitted May 13, 2025—Decided December 4, 2025.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2024-025.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DETERS, and HAWKINS, JJ.  DEWINE and SHANAHAN, JJ., dissented and would impose a fully stayed two-year suspension, as recommended by the Board of Professional Conduct.  BRUNNER, J., did not participate.

**Per Curiam.**

{¶ 1} Respondent, Sterling Everard Gill II, of Columbus, Ohio, Attorney Registration No. 0034021, was admitted to the practice of law in Ohio in 1978.

{¶ 2} In September 1988, we indefinitely suspended Gill from the practice of law for misappropriating $4,700 in client funds. *Columbus Bar Assn. v. Gill*, 39 Ohio St.3d 4 (1988). He was reinstated to the practice of law in December 1990. *Columbus Bar Assn. v. Gill*, 56 Ohio St.3d 602 (1990). We suspended him again in April 2007 for failing to comply with the continuing-legal-education ("CLE") requirements of Gov.Bar R. X, *In re Gill*, 2007-Ohio-1970, and we reinstated him nearly six weeks later, *In re Gill*, 2007-Ohio-2710. And in October 2013, we suspended Gill for two years with one year of the suspension conditionally stayed for more than 40 ethical-rule violations arising from nine grievances, with many of those violations arising from his failures to have or use a client trust account, effectively communicate with multiple clients, and respond to the relator's inquiries about the grievances. *Columbus Bar Assn. v. Gill*, 2013-Ohio-4619. We reinstated Gill to the practice of law in October 2019 and placed him on monitored probation for two years. *Columbus Bar Assn. v. Gill*, 2019-Ohio-4154. We terminated his probation in January 2023. *Columbus Bar Assn. v. Gill*, 2023-Ohio-233.

{¶ 3} In an October 2024 complaint, relator, disciplinary counsel, alleged that Gill violated six ethical rules by failing to maintain client funds separate from his own, failing to maintain required records regarding his client trust account, charging a clearly excessive fee, and knowingly making a false statement of material fact in connection with a disciplinary matter.

{¶ 4} Gill and three other witnesses testified at a hearing before a three-member panel of the Board of Professional Conduct. Although the parties did not enter into stipulations of fact or misconduct, they jointly submitted 29 exhibits to the panel. Relator also submitted one exhibit separately, and Gill separately submitted two exhibits.

{¶ 5} After the hearing, the panel issued a report finding that Gill had committed four ethical-rule violations related to the management of his client trust account but it unanimously dismissed the two other alleged violations for insufficient evidence. The panel recommended that Gill be suspended from the practice of law for two years with the entire suspension stayed on the conditions that he commit no further misconduct and serve a two-year term of monitored probation focused on his compliance with all requirements of Prof.Cond.R. 1.15, which addresses client-trust-account management. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. No objections have been filed.

{¶ 6} We adopt the board's findings of misconduct. But for the reasons explained below, we conclude that Gill's misconduct warrants a more substantial sanction than a fully stayed suspension. We therefore suspend Gill from the practice of law for two years with 18 months of the suspension stayed on the condition that he commit no further misconduct. Upon reinstatement to the profession, he is to serve a two-year period of monitored probation.

## MISCONDUCT

{¶ 7} At his disciplinary hearing, Gill testified that his practice focuses primarily on criminal-defense work. He estimated that 85 to 90 percent of his cases are court-appointed work for which he does not use his client trust account and that from 2020 through 2022, he represented "[m]aybe two or three" clients who paid him a retainer.

{¶ 8} On August 20, 2020, Gill deposited a $10,000 retainer check from Gerald Smith. When he made that deposit, the account held funds belonging to several other clients. Although the bank statements for Gill's client trust account show that he made several additional deposits over the next few weeks, he testified that he could not recall what the deposits were for. Gill also admitted that he did not maintain any general or client ledgers regarding the funds held in his client trust

account and that he did not reconcile those ledgers monthly, as required by the ethical rules.

{¶ 9} Gill testified that he paid an advertising expense directly from his client trust account. Gill explained that the two or three other clients who paid him a retainer "would be cases where [he] would be given a retainer, fulfill the obligation in court, and transfer [the retainer] to [his] business account [to] pay [himself]" and that those cases "would not be long-standing or—not even a month where a bill would be required."

{¶ 10} Yet even after he had paid costs of $1,015.70 and paid himself $3,850 from Smith's $10,000 retainer for work performed on Smith's case, the bank statements for Gill's client trust account showed that from May through November 2021, he carried a client-trust-account balance ranging from $13,651.80 to $27,946.80.

{¶ 11} At his disciplinary hearing, Gill could not explain to whom these funds in his client trust account belonged, and relator never asked whether they belonged to Gill. But if Gill's testimony about quickly earning the retainers paid by his clients is to be believed, at best, the funds that were in his client trust account represented earned fees that Gill did not promptly withdraw. At worst, they were personal funds deposited into his client trust account. Regardless of the source of those funds, Gill has admitted that his conduct violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separately from the lawyer's own property). Gill has also admitted that his conduct violated Prof.Cond.R. 1.15(a)(2) (requiring a lawyer to maintain a record for each client that sets forth the name of the client; the date, amount, and source of all funds received on behalf of the client; and the current balance for each client), 1.15(a)(3) (requiring a lawyer to maintain a record for the lawyer's client trust account, setting forth the name of the account, the date, amount, and client affected by each credit and debit, and the balance in the account), and 1.15(a)(5)

(requiring a lawyer to perform and retain a monthly reconciliation of the funds held in the lawyer's client trust account). The board found that clear and convincing evidence supported these rule violations. We adopt these findings of misconduct.

## RECOMMENDED SANCTION

{¶ 12} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 13} The board found that two aggravating factors are present in this case. First, Gill has three prior suspensions from the practice of law—one for failing to timely comply with CLE requirements, one for misappropriating client funds, and one for mishandling client trust funds, which is similar to his misconduct in this case. *See* Gov.Bar R. V(13)(B)(1). Second, Gill engaged in a pattern of misconduct by failing to maintain and reconcile ledgers for funds held in his client trust account and by paying a personal expense directly from that account. *See* Gov.Bar R. V(13)(B)(3). The board also noted that while Smith, an incarcerated client, may have been vulnerable, he was not harmed by Gill's client-trust-account violations. And the record does not suggest that any other client was harmed by Gill's misconduct.

{¶ 14} As mitigating factors, the board found that Gill acknowledged his wrongdoing, lacked a dishonest or selfish motive, exhibited a cooperative attitude toward the disciplinary proceedings, and submitted four letters attesting to his good character and reputation. *See* Gov.Bar R. V(13)(A) and (C)(2), (4), and (5). The board did not accord any mitigating effect to evidence that Gill had completed an online course in trust accounting sponsored by relator approximately one month before his disciplinary hearing.

{¶ 15} The board noted that Gill has struggled with alcoholism for most of his life and that a relapse following many years of sobriety contributed to the

misconduct that was the subject of his 2013 disciplinary case. At his disciplinary hearing in this case, Gill testified that he has been sober since 2015, and there is no evidence that alcohol or a diagnosed mental-health disorder contributed to his most recent misconduct. In the character letter he submitted on Gill's behalf, Scott Mote, director of the Ohio Lawyers Assistance Program ("OLAP"), confirmed that Gill "has been actively in successful recovery" for nearly ten years. Mote also stated that in July 2023, he asked Gill to serve on OLAP's board of directors "so the other board members who are not in recovery, and the lawyers, judges, and law students [served by the program] can benefit from [Gill's] experiences."

{¶ 16} The board recommends that we impose a conditionally stayed two-year suspension for Gill's misconduct. To support that sanction, the board cites *Mahoning Cty. Bar Assn. v. Gerchak*, 2015-Ohio-4305, and *Disciplinary Counsel v. Simmons*, 2019-Ohio-3783.

{¶ 17} Gerchak failed to deposit and maintain in his client trust account the unearned fees he had received from a single client. *Gerchak* at ¶ 2, 5-7. The only aggravating factor present was Gerchak's record of prior discipline for ethical-rule violations that bore no similarities to his subsequent misconduct. *Id*. at ¶ 1, 9. Like Gill, Gerchak lacked a dishonest or selfish motive, cooperated in the disciplinary proceedings, submitted evidence of his good character and reputation, and acknowledged his wrongdoing. *See id.* at ¶ 9. Gerchak also refunded all the client's fees, even though he had performed some work for the client, and he acknowledged that he needed mentoring. We imposed a two-year license suspension for Gerchak's misconduct, with the suspension stayed in its entirety on the conditions that he serve two years of monitored probation, annually complete three hours of CLE focused on law-office management, and commit no further misconduct. *Id.* at ¶ 11.

{¶ 18} For nearly a year, Simmons commingled personal, client, and business funds in his client trust account and used that account to pay personal and

business expenses. He overdrew that account three times, failed to maintain individual ledgers to document the client funds held in the account, and failed to cooperate in the resulting disciplinary investigation until after the filing of a formal complaint. *Simmons* at ¶ 6-10. The only aggravating factor present was Simmons's prior disciplinary record, which consisted of two attorney-registration suspensions and a partially stayed one-year suspension for engaging in the unauthorized practice of law and making false representations to courts in another state. *Id.* at ¶ 2. As for mitigating factors, Simmons lacked a selfish motive, eventually cooperated in the disciplinary proceedings, expressed genuine remorse, and had sought the help of another attorney to organize his practice and develop a more formal procedure for his fee arrangements with clients. *Id.* at ¶ 13. Recognizing that allowing Simmons to continue practicing law would pose no threat to the public, we imposed a two-year suspension stayed in its entirety on conditions that required him to serve a one-year period of monitored probation and complete additional CLE focused on client-trust-account and law-office management. *Id.* at ¶ 15-17.

{¶ 19} "[I]t is 'of the utmost importance that attorneys maintain their personal and office accounts separate from their clients' accounts' and . . . any violation of that rule 'warrants a substantial sanction whether or not the client has been harmed.'" *Disciplinary Counsel v. Wise*, 2006-Ohio-1194, ¶ 15, quoting *Erie-Huron Counties Joint Certified Grievance Commt. v. Miles*, 1996-Ohio-359, ¶ 12. "The mishandling of clients' funds either by way of conversion, commingling, or just poor management, encompasses an area of the gravest concern of this court in reviewing claimed attorney misconduct." *Columbus Bar Assn. v. Thompson*, 69 Ohio St.2d 667, 669 (1982). "[T]he separation of client funds from those of the lawyer [is necessary] not only to protect the client, but also to avoid even the

appearance of impropriety." *Erie-Huron Counties* at ¶ 10, citing former Canon 9 of the Code of Professional Responsibility.[1]

{¶ 20} It is true that Gerchak and Simmons committed some of the same client-trust-account violations at issue in this case and that they each had a history of prior discipline. But neither of them had been sanctioned for engaging in the same type of misconduct that was the subject matter of their most recent disciplinary case. Gill, in contrast, has twice been sanctioned for misconduct involving the mismanagement of client funds. He was indefinitely suspended from the practice of law for misappropriating client funds over 37 years ago. *Gill*, 39 Ohio St.3d 4. But more recently, in 2013, Gill was found to have committed multiple ethical-rule violations, including four violations of Prof.Cond.R. 1.15(a), based on his failure to have—and to deposit client funds into—a client trust account. *Gill*, 2013-Ohio-4619, at ¶ 6, 8, 15. While Gill had an active client trust account when he committed his most recent misconduct, he admitted that he commingled personal and client funds in that account and that he failed to maintain required records regarding the account and the client funds it held.

{¶ 21} Moreover, much of the misconduct at issue in this case occurred while Gill was serving a term of monitored probation as part of the sanction imposed for previous client-trust-account violations. *See Gill*, 2023-Ohio-233 (probation terminated on January 27, 2023). Prior discipline for the same or similar misconduct weighs more heavily as an aggravating factor than prior discipline for different misconduct. *See, e.g.*, *Columbus Bar Assn. v. Rieser*, 2018-Ohio-3860, ¶ 16, 20 (recognizing that the misconduct of an attorney who had previously been disciplined for the same type of misconduct was more serious than the misconduct of an attorney whose past misconduct involved different ethical-rule violations).

---

1. Effective February 1, 2007, the Rules of Professional Conduct superseded the Disciplinary Rules of the Code of Professional Responsibility. *See* 110 Ohio St.3d CCLXXXIV.

**{¶ 22}** The primary purpose of attorney discipline "is not to punish the offender, but to protect the public." *Disciplinary Counsel v. O'Neill*, 2004-Ohio-4704, ¶ 53. But an attorney who repeats misconduct for which he has previously been disciplined—and does so while he is still on probation as Gill has in this case—demonstrates that he "did not learn from his past misconduct and that the sanction imposed in his most recent disciplinary case . . . did not deter him from engaging in similar misconduct," *Lorain Cty. Bar Assn. v. Nelson*, 2022-Ohio-1288, ¶ 26. We have recognized:

> "'If a prior attempt at discipline has been ineffective to provide the protection intended for the public, then such further safeguards should be imposed as will either tend to effect the reformation of the offender or remove him entirely from the practice. The discipline for a repeated offense may be much greater than would have been imposed were it a first offense, yet such greater discipline is not a meting out of further punishment for prior acts but is a determination of the attorney's fitness to practice.' "

*Id.* at ¶ 36, quoting *Disciplinary Counsel v. Lawson*, 2011-Ohio-4673, ¶ 34, quoting *In re Disbarment of Lieberman*, 163 Ohio St. 35, 41 (1955).

**{¶ 23}** On these facts, we conclude that a sanction more substantial than a fully stayed suspension is necessary to protect the public, to impart the seriousness of this misconduct to Gill, and to convince him that these are not mere technical violations of the ethical rules as his counsel suggests but are repeated substantive violations of the Rules of Professional Conduct that must be remedied if he wishes to resume the practice of law.

## CONCLUSION

{¶ 24} Accordingly, Sterling Everard Gill II is hereby suspended from the practice of law in Ohio for two years with 18 months of the suspension stayed on the condition that he commit no further misconduct.  If Gill fails to comply with this condition of the stay, the stay will be lifted, and he will serve the full two-year suspension.  Upon his reinstatement to the profession, Gill shall serve a two-year term of monitored probation in accordance with Gov.Bar R. V(21), with the monitor directed to oversee Gill's compliance with all requirements of Prof.Cond.R. 1.15.  Costs are taxed to Gill.

Judgment accordingly.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Matthew A. Kanai, Assistant Disciplinary Counsel, for relator.

UB Greensfelder, L.L.P., and Alvin E. Mathews Jr., for respondent.

_____